WILLIAM GRABBE, Respondent, v. ST. LOUIS DRAYAGE
COMPANY, Appellant.

### St. Louis Court of Appeals, December 9, 1890.

1. **Justices of the Peace:** SUFFICIENCY OF STATEMENT. An account
filed as the basis of a suit before a justice of the peace, and pur-
porting to be for a certain amount "for wages as common laborer,
ten days," is sufficient ; the designation of the time of the rendition
of the services is not essential.

2. **Practice, Trial:** UNTIMELY MOTION TO MAKE PLEADINGS MORE CER-
TAIN. A motion to require pleadings to be made more definite and
certain should be filed before the trial begins, if the court is to be
charged with error for refusing to entertain it.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*Henry B. Davis*, for appellant.

*Willis H. Clark*, for respondent.

ROMBAUER, P. J.—The plaintiff filed the following
statement of his cause of action before a justice :

"ST. LOUIS, February 6, 1889.
"*St. Louis Drayage Co.*, a corporation,
         "To Wm. Grabbe.
"To balance due for wages as common
   laborer, ten days ................ $16.00
                                      ⎯⎯⎯⎯⎯
                                      "$16.00"

On appeal in the circuit court, after the jury was
sworn and part of the evidence was heard, the defend-
ant moved the court to require the plaintiff to make
his statement more definite and certain, which motion

the court overruled as coming too late. The jury found a verdict for the plaintiff for the amount claimed, and the defendant moved for a new trial on the ground, that the verdict was against the law and evidence, and moved in arrest of judgment on the ground, that th e statement filed stated no cause of action. The overruling of these three motions is assigned for error.

The statement filed before the justice was sufficient. It advised the defendant of the plaintiff's claim, and the objection, that a judgment rendered herein would not bar another action, because the date of the rendition of the services is not given in the statement, is untenable. Date is generally not an essential averment in this class of action even in courts of record, and a party may allege one date and prove another, without endangering his recovery. In the cases of *Brashears v. Strock*, 46 Mo. 221; *Schwartz v. Nicholson*, 65 Mo. 508, and *Butts v. Phelps*, 79 Mo. 302, relied on by appellant, the statements were held fatally defective, not on account of want of date, but because they contained no averment of any fact whatever, but simply conclusions of law.

The court may require an amendment of the statement of the cause of action at any stage of the proceedings, although motions to that end should be made before the trial begins, if it is sought to charge the court with error for refusing to entertain them. In the present case the proof adduced fully demonstrated that the defendant was advised of the nature of plaintiff's claim, and had its witnesses in court to defend against it, and how the defendant can justly claim that the amendment was necessary in furtherance of justice, is not obvious.

The plaintiff was a teamster in the defendant's employ. As such he received some boxes of glass for carriage between third parties. He claims that he delivered all he received, although a difference between the books of the shipper, and the receipt given by the

consignee indicated one box missing. The plaintiff called the defendant's attention to the difference. The box was worth seventeen dollars and thirty-five cents. According to the defendant's evidence, the plaintiff thereupon agreed that two dollars per week might be retained from his wages, which were ten dollars per week, until the value of the package was paid for. According to the plaintiff's evidence he did not agree to this. Two dollars a week were in fact retained from the plaintiff's wages for three weeks. At the end of the fourth week, according to the plaintiff's evidence, he was discharged, and, according to the defendant's evidence, the plaintiff left the service of his own accord. He was paid nothing for that week. The evidence as to whether the package was in fact lost was unsatisfactory, and, if it was, there was no evidence tending to show that the plaintiff was liable for its loss, unless he became so by the agreement. It is substantially conceded that, unless the agreement was made as claimed by the defendant, the plaintiff was entitled to recover, as a balance due him for wages, sixteen dollars, and there was some evidence of an admission by the defendant, that eight dollars were due to the plaintiff at all events.

Complaint is made in the motion for new trial that the verdict is excessive. To the extent of eight dollars it is clearly supported by the defendant's own admission. As to the residue, under the defendant's own instruction, the validity of the defense depended upon the jury finding that the agreement had been made as claimed by the defendant, and that the plaintiff left its service of his own accord. There was some conflict in the evidence on both these points, and, while the defendant's claim seems to be supported by the weight of the evidence, the case is not one which would authorize us to vacate the finding of the jury as the result of prejudice or mistake.

The judgment is affirmed. All concur.