SHIPP, *Plaintiff in Error*, v. SNYDER *et al.*

Division One, March 24, 1894.

1. **Dower:** PARTNERSHIP LAND. Two persons who jointly purchase land, each furnishing half of the price, and with the understanding that on its sale the profits shall be equally divided between them are not therefore partners in the land so as to bar their widows' dowers.

2. ———: JURY TRIAL. A suit for dower is an action at law in which the parties are entitled to a jury to pass upon the questions of fact.

3. **Practice:** SPECIAL FINDINGS: REVIEW OF JUDGMENT. Where the court finds specially on the facts for one party and generally for another, the legal theory of the judgment should be disclosed by the record so that such judgment may be reviewed on appeal.

*Appeal from Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*Kinley & Kinley* for plaintiff in error.

(1) Defendant McLeod, in his separate answer, averred that he was a partner with Shipp during his lifetime in the business of buying and selling the lands in question, and as it was both proved and admitted in the pleadings that Shipp was dead, McLeod was not

a competent witness in the case for any purpose. *Chapman v. Dougherty*, 87 Mo. 617. (2) The lands in question were not partnership assets. To constitute real estate the assets of a partnership, it must have been bought with partnership funds, for partnership purposes, and used as part of the stock in trade of the partnership. These lands had none of the foregoing attributes or characteristics, and hence plaintiff was entitled to dower in the land. *Willet v. Brown*, 65 Mo. 138; 10 Leigh (Va.) 406; *Duhring v. Duhring*, 20 Mo. 174; *Carlile's Adm'r v. Mulhen*, 19 Mo. 56; *Murphy v. Craig*, 42 N. W. Rep. (Mich.) 1097. (3) Though plaintiff's husband during his lifetime, and defendant, McLeod, did agree with each other to be interested in the profits and losses of an adventure, this alone will not constitute them partners in the property, either real or personal, which is the subject of the venture. Collyer on Partnership, secs. 170–172; Story on Partnership, sec. 27; *Smith v. Watson*, 2 B. & C. 401; *Heran v. Hall*, 1 B. Mon. 159; *Bartlett v. Jones*, 2 Strobhart, 471; *Whitcomb v. Converse*, 119 Mass. 43; *Kingsbury v. Thorp*, 28 N. W. Rep. (Mich.) 74; *Thompson v. Holden*, 22 S. W. Rep. (Mo.) 905. (4) Though real property is held in the joint name of several owners, it is no evidence of copartnership between them with respect to it. In the absence of proof of its purchase with partnership funds for partnership purposes, real estate standing in the names of several persons is deemed to be held by them as tenants in common, and none of the several owners possess authority to sell or bind the interest of his copartners. *Thompson v. Holden*, 22 S. W. Rep. (Mo.) 905; *Thompson v. Bowman*, 6 Wall. (U. S.) 316–318. (5) Nor does a verbal agreement to buy real estate jointly, constitute a partnership. *Pulford v. Morton*, 28 N. W. Rep. (Mich.) 716; *Keyser v. Maughann*, 8 Col. 232. (6) Between

the parties themselves there is no such a thing as a partnership by implication or operation of law. The relation between the parties is founded on voluntary contract and can not exist independent of it. *Wilson's Ex'r v. Cobb*, 28 N. J. Eq. 177; *Chase v. Barrett*, 4 Paige, 160; *Bank v. Altheimer*, 91 Mo. 191; *Allen v. Logan*, 96 Mo. 591; *Fitzgerald v. Barker*, 85 Mo. 13. Declarations of a party do not prove a partnership *inter sese*. *Reimel v. Hayes*, 83 Mo. 200. (7) Though plaintiff joined in relinquishing her dower in the deed of trust to J. M. Marsh, for the eighty acres sold to her former husband and McLeod, and though McLeod paid the mortgage, and it was satisfied, there was no subrogation, nor did this estop plaintiff from asserting her dower therein. *Jones v. Bragg*, 33 Mo. 337; *Atkinson v. Augert*, 46 Mo. 515; *Duke v. Brandt*, 51 Mo. 221; *McCreary v. Lewis*, 114 Mo. 582.

*A. W. Mullins* and *Tyson S. Dines* for defendants in error.

(1) The lands in question were bought for partnership purposes, used as partnership property, held as partnership stock in trade and sold as partnership property. They thus possessed every attribute of partnership lands. *Dale v. Hamilton*, 5 Hare, 369; *Sumner v. Thompson*, 8 Ohio, 328; *Johns v. Johns*, 1 Ohio St. 357; *Wormser v. Meyer*, 54 How. Pr. 189; *Hunter v. Whitehead*, 42 Mo. 524; *Springer v. Cabbell*, 10 Mo. 640. (2) McLeod and Shipp formed a valid partnership for the purpose of speculating in swamp lands. The parties so regarded it. They intended to form such a partnership. They acted as partners, managed the lands as partners, raised the crops together, one acting for all, dividing profits and sharing losses. They were partners in the land. *Morse v. Richmond*,

97 Ill. 303; *Dale v. Hamilton*, 5 Hare, 369; *Bunnell v. Taintor*, 4 Conn. 568; *Essex v. Essex*, 20 Beav. 442; *Chester v. Dickerson*, 54 N. Y. 1; *Traphagen v. Burt*, 67 N. Y. 30; *Richards v. Grinnell*, 63 Iowa, 44; *Pennybacker v. Leary*, 65 Iowa, 220; *Holmes v. McCray*, 51 Ind. 358. (3) An agreement to buy an interest in a business with a view to carry it on together, sharing profits, is an 'agreement of partnership. *Goddard v. Pratt*, 16 Pick. 412; *Pinkerton v. Ross*, 33 Up. Can. Q. B. 508; *Botham v. Keefer*, 2 Ont. App. 595; *Plummer v. Lord*, 7 Allen, 481; *Tyler v. Scott*, 45 Vt. 261; *Voorhees v. Jones*, 29 N. J. L. 270. (4) "Misdirection is no ground for a new trial where jury has not been misled; nor where the verdict is right; nor where substantial justice has been done; nor where a new trial would lead to the same results; nor because the judge gave wrong reasons for a correct decision; nor where erroneous instructions were not injurious to the party complaining; nor where they were given at his request." 2 Am. and Eng. Encyclopedia of Law, p. 266, sec. 9, and cases cited; *Davis v. Brown*, 67 Mo. 313; *Flowers v. Helm*, 29 Mo. 324; *Hook v. Craghead*, 35 Mo. 380.

BRACE, J.—This was an action brought by the plaintiff Martha E. Shipp in the circuit court of Chariton county for assignment of dower in certain lands in said county of which her late husband, Benjamin H. Shipp, deceased, was, in his lifetime and during his marriage, seized in fee simple as tenant in common with one W. O. McLeod, who, in like manner, was seized of the other undivided half. The defense was that the said Shipp and McLeod were partners, acquired said lands with partnership funds, and for partnership purposes, and held them as partnership assets from the time they were first acquired until they

were sold by the said Shipp & McLeod to the defendant Snyder. The case was tried by the court without a jury.

Exceptions were saved to the ruling of the court on the admission of evidence, in two instances, but we find no reversible error in such rulings.

At the close of all the evidence the court made the following finding of facts and gave the following declarations of law on behalf of the plaintiff:

"The court, trying said cause as a jury, finds there is no evidence in this case showing said lands or any part thereof to have been purchased by said Ben H. Shipp and W. O. McLeod as a partnership engaged in business, or that said lands or any part thereof were paid for by said partnership funds, nor that said lands were purchased to enter into any partnership assets, nor that said lands were regarded by said B. H. Shipp and W. O. McLeod as part of any partnership assets, and for said reasons plaintiff is entitled to recover dower therein.

"The court, sitting in said case as a jury, declares the law to be that before the plaintiff can be barred of her right to recover her dower in and to said lands, or any part thereof, by reason of any claim that said lands or any parts thereof are partnership assets, you must find and believe from the preponderance of the evidence: *First.* That Benjamin H. Shipp and W. O. McLeod at the time of the acquisition of said lands by them, were engaged in business as copartners. *Second.* That the lands in controversy were purchased for said partnership and paid for out of funds belonging to said partnership, to be used and applied to partnership purposes. *Third.* That said lands were considered by said Shipp and McLeod as partnership property. And, unless the court finds each of the above propositions to be true, it must find for plaintiff. And the court further

declares that the mere fact that said Shipp and McLeod agreed with each other to purchase said lands and did so purchase the same, each paying his part of the purchase money, with the agreement with each other to share the profits and losses of the purchase equally, did not constitute said lands partnership assets, nor make them partners therein, nor bar nor affect the plaintiff's right to dower therein.

"Though the court, sitting as a jury in said cause, finds that Benjamin H. Shipp, during his lifetime, jointly with defendant, McLeod, purchased the lands described in plaintiff's petition, each furnishing or agreeing to furnish one-half of the price therefor, with the understanding that when the land was sold the profits arising therefrom should be divided between them, the court declares that this does not make said transaction a partnership, nor does it make said lands partnership assets, nor does it in anywise interfere with the right of plaintiff to recover herein."

Notwithstanding this finding of facts the court refused to give the following declarations of law asked for the plaintiff:

"1. Under the pleadings in this case the findings should be for the plaintiff.

"2. Under the pleadings and evidence in this cause the finding should be for plaintiff.

"3. If the court trying said cause as a jury shall find from the evidence that during the lifetime of plaintiff's husband, Benjamin H. Shipp, he was seized of and the owner of the undivided one-half of the land described in plaintiff's petition, and that at his death he left plaintiff surviving as his widow, then the finding must be for plaintiff, though said Shipp during his lifetime sold, conveyed or contracted to sell his interest therein, unless plaintiff by deed duly sealed and

acknowledged, jointly made with her husband, relinquished her dower therein."

The court found the issues generally for the defendants and entered judgment thereon in their favor against the plaintiff, to reverse which she sues out this writ of error.

A suit for dower is an action at law in which the parties are entitled to a jury to pass upon the questions of fact. If they choose, they may waive this right and submit the questions of fact to the court, as was done in this case. In such case the court acts in a dual capacity—as a jury he weighs the evidence and renders a verdict upon the facts; as a judge he declares the law upon the facts as found. A verdict may be either general or special. A general verdict pronounces generally upon the issues in favor of one party or the other. A special verdict finds the facts only, leaving the judgment to the court. R. S. 1889, sec. 2160. The court in this case, sitting as a jury, was under no obligations, to make a special finding of the facts, but, as was his privilege, he did so. The facts as found by him are responsive to the issues upon which a judgment could have been rendered, and his functions as a jury then ceased (*Spalding v. Mayhall*, 27 Mo. 377; *Cochran v. Moss*, 10 Mo. 416.) And it became his duty, as a court to render judgment on the finding, or if dissatisfied with it for any valid reason to set it aside.

With the finding of the court, sitting as a jury, standing, it is impossible to see upon what theory the court refused the first, second and third instructions asked for the plaintiff, and rendered judgment for the defendants. If there was, notwithstanding such finding, a theory upon which judgment could have been rendered for defendants, it ought to have been disclosed so that a review thereof might have been had in

this court.   As the record now stands, the judgment should have been for plaintiff, and for the refusal of the trial court to so declare, to which refusal the plaintiff excepted, and for the error in refusing a new trial on account thereof, to which refusal the plaintiff also excepted as appears by the record, and, for the reason that on the record the judgment appears to be for the wrong party, the judgment is reversed and the cause remanded for new trial.    All concur.