C. E. FINLEY et al., Respondents, v. JOHN R. DYER,
Appellant.

### St. Louis Court of Appeals, April 4, 1899.

1. **Pleadings in Justice's Court: SUFFICIENCY OF STATEMENT.**
In the case at bar the statement filed before the justice of the peace
is sufficient to advise the defendant for what he was sued and the
amount claimed. Held, that the appellant is debarred from object-
ing to the sufficiency of the statement in the appellate court for the
first time unless such statement is a nullity.

2. **Broker's Commissions: PURCHASER FOUND.** A real estate
broker performs his duty, and is entitled to his commission, when a
purchaser is introduced who is ready, willing and able to buy on the
terms authorized by the principal.

3 ———: ———: AGENT AND PRINCIPAL. In the case at bar, when de-
fendant signed the agreement to make the exchange, the plaintiffs
had fully performed their contract by furnishing a purchaser for the
property whom he accepted. Held, that defendant could not then
say "I have no personal interest in this matter and you must look to
my principal for compensation."

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

JAMES M. SUTHERLAND for respondent.

The question as to the sufficiency of the statement of ac-
count filed before a justice and upon which the action is
based, is now raised on this appeal for the first time. Ap-
pellant not having either presented or urged this question in
the lower court, his objection now comes too late. The
statement of the account as filed, whilst not as full as per-
haps it should be, is a compliance with the provisions of sec-
tion 6138, Revised Statutes 1889, which says: * * * "or
a statement of the account." * * * It being a liquidated

demand it was unnecessary to set out all the facts constituting the cause of action, etc. Appellant now relies upon the defense that if commissions were earned by respondents it was as against the Merchants' Manufacturing Association and not John Rankin Dyer, who was only an officer. If there is any force in the position it should have been urged in the circuit court. It comes too late when presented for the first time in this court. On the question presented by this appeal (except that as to insufficiency of the statement of account filed) are questions of fact, and the Hon. L. B. Valliant, circuit judge, who heard the testimony, and before whom defendant presented his theory of the case, after due deliberation decided against appellant under evidence presented. Hence, if there is any evidence to suport his conclusions upon these facts, this court will not disturb his findings. The amount for which judgment was rendered in circuit court was fully justified by the evidence.

CARTER & SAGER for appellant.

The account taken in connection with the evidence is not sufficiently specific to bar another action for the same service against the Merchants' Manufacturing Association. This we contend entitles appellant to a reversal of the judgment of the lower court. Hill v. St. Louis Ore & Steel Co., 90 Mo. 103; Butts v. Phelps, 79 Mo. 302. The account is fatally defective in that it fails to comply with section 6138 of the Revised Statutes of 1889 governing practice before justices of the peace, which provides that "before any process shall be issued in any suit the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded. Hill v. St. Louis Ore & Steel Co., 90 Mo. 103; Nutter v. Houston, 32 Mo. App. 452; Brashears v. Strock, 46 Mo. 221; Butts v. Phelps, 79 Mo. 302; Schwartz v. Nicholson, 65 Mo. 508; Rosenburg v. Boyd, 14 Mo. App.

429. * * * Agreeable to plaintiff's contention, the verdict should have been for $225, for his witness testified that the equity in the farm was worth at the most but $8,000. There is no evidence to support the judgment. The testimony fails to show liability of defendant or services performed for him or for his benefit, and does not justify the judgment upon any theory of law applicable to the facts and evidence. Walker v. Ford, 74 Mo. 195; McQuarry v. Geyer, 57 Mo. App. 213; Polack v. Hannauer, 26 Mo. App. 261; Blackwell v. Adams, 28 Mo. App. 61.

BLAND, P. J.—This suit was brought before a justice of the peace on the following account:

"John R. Dyer, to C. E. Finley and L. S. Holden.

"1896.

"To commission on exchange of properties between
you and W. C. Irwin and others............$425.00"

Plaintiffs recovered judgment before the justice, from which defendant appealed. In the circuit court on a trial *de novo* before the judge sitting as a jury the plaintiffs again recovered judgment, from which defendant perfected his appeal to this court.

Appellant now contends, for the first time, that the account is indefinite, uncertain and insufficient. These objections should have been raised in the lower court by a proper motion; not having done this the appellant is debarred from making the objection here, unless the account is a nullity. It is not a nullity, for the statement is sufficient to advise the defendant for what he was sued and the amount claimed. Early v. Fleming, 16 Mo. 154; Strathmann v. Gorla, 14 Mo. App. 6.

Appellant also contends that the verdict or finding of the learned circuit judge, sitting as a jury, is excessive. The attention of the trial court was not called to this fact, if it is a fact, by the motion for rehearing, and hence can not be

considered on appeal. R. S. 1889, sec. 2302. Appellant further contends that there is not a scintilla of evidence tending to show that defendant had any interest in the transaction out of which the cause of action arose. The facts are, the defendant in the first instance made a verbal contract with the plaintiffs as real estate brokers, in his own name, without disclosing a principal, to pay them a stipulated commission, if they could find a purchaser and sell the stock of merchandise of The Merchants' Manufacturing Association; later he made the same or substantially the same offer in writing; and afterwards, to wit, September 12, 1896, written articles of agreement were entered into by B. M. Maxey and the Merchants' Manufacturing Association, per John Rankin Dyer, treasurer, whereby Maxey contracted to convey a four hundred acres farm in Clay county, Illinois, for the plant, furniture, stock, $4,000 in accounts (estimated to be worth eighty per cent on the dollar), property of the Merchants' Manufacturing Association, and a lot in Richmond Heights in the city of St. Louis, to be selected by Maxey, which contract was to be performed in seven days, and on failure the party in default to pay $100 as a forfeit, which forfeit was put up by both parties. This contract was procured by and through the efforts of plaintiffs acting for Dyer as his agents. Within the time limited by the contract Maxey presented an abstract of title to the Clay county farm to Dyer and his attorney, to which no objection was made, and a deed from the owner apparent of record conveying the land to Dyer, to which no objection was made by Dyer or his attorney. On a tender of the deed by Maxey to Dyer, Dyer sought to change the agreement by offering to transfer to Maxey the the certificates of the stock of the association, which appears to have been an incorporated company; Maxey declined to take an assignment of the certificates of stock and demanded a delivery of the plant, etc., mentioned in the contract; this Dyer refused to do and the exchange provided for by the

contract was never made, for this reason appellant contends no commissions were earned. Such is not the law. In Gelatt v. Ridge, 117 Mo. 560, the supreme court says: "It is well settled law in this state that a real estate broker performs his duty, and is entitled to his commission, when a purchaser is introduced who is ready, willing and able to buy on the terms authorized by the principal." To the same effect is Lemon v. Lloyd, 46 Mo. App. 452; Hayden v. Grillo's Adm'r, 42 Mo. App. 3. The purchaser was not only introduced, but a valid and binding contract of exchange in writing was entered into by the parties, and the plaintiffs as real estate brokers performed all that they agreed to perform, and earned the commission the defendant agreed to pay them. Because the contract of exchange is signed by the Merchants' Manufacturing Association, the appellant contends that Dyer was but the agent of the corporation and that by this contract he disclosed his agency, and for that reason he is shown to have no personal interest in the deal and is not personally liable. The trouble with this contention is, that there is not a word of testimony that Dyer contracted with plaintiffs in any other name than his own, or that he ever disclosed the fact to them that he was not the sole and only owner of the Merchants' Manufacturing Association. When he signed the agreement with Maxey to make the exchange, the plaintiffs had fully performed their contract by furnishing Dyer a purchaser for the property, whom he accepted, he could not therefore and at that late hour at the same time accept the fruits of plaintiffs' labor for which he had contracted in his own name and without disclosing his principal, and say to them, "I have no personal interest in this mater and you must look to my principal for compensation." Plaintiffs might have elected to look to the Merchants' Manufacturing Association (after disclosure), for compensation, but were not bound to do so under the evidence in this case.

Other insignificant facts disclosed by the record are, that Dyer made all the contracts; no other officer, agent or stockholder of the corporation, if there were any such, figured in any of these transactions Dyer seems to have been the sole manager of the concern and to have been in absolute control. In a few days after he refused to carry out his contract with Maxey, the entire assets of the corporation disappeared and were reported by a person in charge of the plant to have been sold to parties in the state of Michigan. So that to remit the plaintiffs to their remedy against the corporation if they have one, would be to practically and effectually deny them any relief, for that body exists, if at all, only in name. All that is left of its $15,000 estimated value in assets is worthless certificates of stock. Dyer did not testify on the trial; this fact taken in connection with the evidence, raises a strong suspicion that he was the corporation. In our opinion the judgment is for the right party and is affirmed. All concur.