MAGOON, Respondent, v. O'CONNOR, Appellant.

### St. Louis Court of Appeals, December 1, 1908.

1. **JUSTICES OF THE PEACE: Statement of Account.** A statement of an account, in an action begun before a justice of the peace, which set out that the account was for the moving of so many cubic yards of earth at so much per yard at different dates, is a sufficient statement to bar another action.

2. ———: ———: **Amendment in Circuit Court.** A statement of an account filed before a justice of the peace as follows: "To work done on Fort Smith & Western Ry....... $1,600.70," is sufficient to justify the circuit court on appeal in allowing an amendment under the provision of section 4079, Revised Statutes 1899.

3. ———: ———: ———: **Changing Cause of Action.** Where a statement was filed before a justice of the peace as a cause of action for work done during a certain year, it was not a change of the cause of action to amend the statement in the circuit court by showing that the work was done the year prior thereto.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Robert & Robert* for appellant.

*Warren D. Isenberg* for respondent.

GOODE, J.— This action was instituted before a justice of the peace on the following account:

"Wm. O'Connor

     In account with Wm. E. Magoon,   Dr.
1903.

To work done on Fort Smith & West-..

    ern Ry. .....................$1,600.70

6% Int. from Mar. '06 to date, ........68.00

                        —————

                 $1,668.70

*Credits.*

1903.

By Oct. ac. ................$645.77
" Nov. " ...... ........ 201.00
" Cash " ...... ........ 100.00
" Credit ........ ........ 223.15

$1,169.92

$1,169.92

"Balance Due, ........ ......$ 498.78

The case proceeded to the circuit court where leave was obtained to file an amended account or statement, which was as follows:

"Wm. O'Connor,

"In account with William E. Magoon, Debtor. 1902-3.

To work done on the Fort Smith and Western railroad, during the months of October and November, 1902, on stations 160-25, to 178-76, section 195, on said road, the work done being itemized as follows; as per Estimate hereto attached marked Exhibit 'A'.

Excavating 3000 cubic yards earth
    at 11c. ............. ..........$330.00
Excavating 670 cubic yards loose rock
    at 25c. ........ .............. 167.50
Excavating 1920 cubic yards solid
    rock at 55c. .......... ........1,056.00
To 4720 cubic yards overhaul at 1c.. 47.20

$1600.70

"Said work was done under Contract
"Interest at 6% from March 20, 03
on $430.78, to date of suit, ............$68.00

$1,668.70

### Credits.

1902

By October account for labor paid and
goods and merchandise furnished, $645.77

By November account for labor paid
and goods and merchandise furn-
ished, ...... ........ ....... 201.00

Nov. cash paid, ....:.............. 223.15

1903.

March.  By check of Wm. O'Connor,.. 100.00

—  —  —  —

$1,169.92

"Balance due $430.78 and interest."

Appellant saved an exception to the amendment and now insists it was wrongly permitted for these reasons: the original account filed with the justice was too deficient as a statement of a cause of action, to be amended, and even the amended statement did not state a case.

1. The last contention may be dismissed with a word; for certainly the complaint or statement as amended in the circuit court, was sufficient to apprise defendant of the claim against him and bar another action for it.  [Weese v. Brown, 102 Mo. 303.]

2. To support the other proposition, that the amendment ought not to have been permitted because the original account stated no cause of action, these cases are mainly relied on: Brasher v. Strock, 46 Mo. 221; Petticord v. Railroad, 85 Mo. 160, and Sidway v. Live Stock Co., 163 Mo. 373.  In the first one the paper filed before the justice was in this form: "M. F. Strock (and others, naming them) to Richard Brashears, to Fifty dollars ($50)."  The real case was a claim for damages because the alleged debtors had failed to take a kiln of brick Brashears had been hired to burn for them, and on the appeal to the circuit court he was allowed to amend his statement to show the transaction.  The

Supreme Court held there was nothing to amend, because no statement had been made of the cause of action before the justice. It will be seen the original account was vague to the last degree and furnished the defendants no information about the plaintiff's demand; in fact, was hardly more instructive than a blank piece of paper would have been. However the case was determined prior to the enactment of what is section 4079 of the Statutes of 1899, which, in all cases appealed from a justice's court, allows the bill of items of the account sued on, or filed as a counterclaim or setoff, or the statement of the plaintiff's cause of action, or defendant's counterclaim, set-off or other ground of defense, to be amended on appeal to supply any deficiency or omission, when subtantial justice will be promoted by the amendment. But no new item or cause of action not embraced, or intended to be included, in the original statement can be added by amendment. Brashears v. Strock is not an authority on the effect of said statute. Petticord v. Railroad and Sidway v. Live Stock Co. were decided since the statute was enacted. The Sidway case contains nothing touching the question in hand, except a casual remark that the Supreme Court had held a statement filed before a justice which did not set forth the facts constituting the cause of action or advise the opposite party what he was sued for, ought to lead to the dismissal of the case. It is plain the court in the Sidway opinion was giving no attention to when an amendment of a claim before a justice may be allowed, as the cause had not been appealed from a justice. In the Petticord case the transcript of the justice showed a complaint had been filed before him, but the record on the appeal contained no copy of the complaint. In the circuit court an amended statement was filed. In the opinion of the Supreme Court it was said the statute (sec. 2852, R. S. 1879; sec. 3853, R. S. 1899) provided for the dismissal of a suit by the justice if no statement was filed, and hence it followed that if, in the case the

court had in hand, no statement had been filed before the justice, there was nothing to amend. Those remarks had reference to the contingency of no complaint at all having been filed before the justice, as the record contained none. But the court went on to say it would assume some statement had been filed with the justice, and treat the amended statement filed in the circuit court, as sufficient. The point on which the case was determined was the failure of evidence adduced in the circuit court to sustain the amended statement; it being held a demurrer to the evidence should have been granted. The Petticord case is, at most, only authority for the proposition that where no statement whatever is filed before a justice, one cannot be filed in the circuit court as an amendment, because there is nothing to amend. Such is not the fact in the case at bar. A statement of account was filed before the justice of the peace and, without passing on the point of whether it was a sufficient statement in itself to satisfy the statute regarding pleadings before justices, we hold it was sufficient to justify the circuit court in allowing an amendment under section 4079 of the statutes (1899). This section has been treated by the courts as enlarging the right to amend in the circuit court complaints in causes appealed from justices. We have gone over the cases relevant to this subject several times and do not care to again, but will cite them. [Heman v. Fanning, 33 Mo. App. 50; Nutter v. Houston, 42 Mo. App. 363; Brennan v. McMenamy, 78 Mo. App. 129; Doggett v. Blanke, 70 Mo. App. 501; Keen v. Sappington, 115 Mo. App. 33; Rechnitzer v. Vogelsang, 117 Mo. App. 148; Drug Co. v. Crider, 124 Mo. App. 109; Butts v. Phelps, 79 Mo. 302.]

3. It is insisted the second complaint changed the cause of action. The same indebtedness, principal and interest, is shown in the two statements, as are also the same credits and balance due; but in the second the debit items are particularized. The only difference be-

tween the statements is, the first one places the work and credits under the year 1903; whereas the second says the work was done in the autumn of 1902, and part of the payments made then. The identity of the demands is apparent and to correct a mistake in the dates did not violate the statute (sec. 4079) by adding an item or cause of action, not embraced, or intended to be included, in the original account. [Sprague v. Follett, 90 Mo. 547.]

The judgment is affirmed. All concur.