### C. G. HALE, Respondent, v. ED. C. TAYLOR, Appellant.

Kansas City Court of Appeals, March 7, 1910.

1. **STATEMENT OF CAUSE OF ACTION: Commission.** In an action by a real estate agent for commission, before a justice of the peace, the following statement was held to be sufficient:

"Ed. C. Taylor to C. G. Hale,          Dr.
1908.—November 27.—To services rendered by C. G. Hale for Ed. C. Taylor, in finding a purchaser for farm of said Ed. C. Taylor, ........ $250."

2. ———: ———: ———: **Instructions.** Instructions examined and held to present all issues in the case with clearness.

Hale v. Taylor.

Appeal from Moniteau Circuit Court.—*Hon. Wm. H. Martin,* Judge.

AFFIRMED.

*W. S. Pope* and *Moore & Williams* for appellant.

Statement filed before justice was insufficient. The sufficiency of statement was raised at every stage of the trial and in motions for new trial and in arrest of judgment, and the judgment should be reversed on that account. Butt v. Phelps, and cases cited, 79 Mo. 302; McAllister v. Walker, 69 Mo. App. 496; McCreary v. Good, 74 Mo. App. 425; St. L., etc., Co. v. American, etc., Co., 82 Mo. App. 60; Calvert v. Hobbs, 107 Mo. App. 1; Rechnitzer v. Vogelsang, 117 Mo. App. 148; Sone v. Wallendorf, 187 Mo. 1.

*S. C. Gill* and *John Dolan* for respondent.

The statement is sufficient to advise appellant of the nature of respondent's claim, and to bar another action. Hall v. Railroad, 124 Mo. App. 661; Magoon v. O'Connor, 134 Mo. App. 130; Moore v. Harmes, 123 Mo. App. 34; Steele v. Ancient Order of Pyramids, 125 Mo. App. 680; Phares v. Lumber Co., 118 Mo. App. 546; Finley v. Dyer, 79 Mo. App. 604; Weese v. Brown, 102 Mo. 299.

ELLISON, J.—This action was instituted before a justice of the peace to recover judgment on an account for securing a purchaser for defendant's farm, though no sale was made. On appeal to the circuit court judgment was rendered for the plaintiff.

Objection was made to the sufficiency of the account, at the opening of the trial, on the ground that it was not itemized. The objection was not well taken. The account was not such as needed to be itemized more than

it was. It consisted of a plain statement of what the account was. It is as follows:

"Ed. C. Taylor to C. G. Hale,    Dr.

1908.—November 27.   To services rendered by C. G. Hale for Ed. C. Taylor, in finding a purchaser for farm of said Ed. C. Taylor, .............. $250."

It was clearly sufficient. [Hall v. Ry. Co., 124 Mo. App. 661; Finley v. Dyer, 79 Mo. App. 604; Magoon v. O'Connor, 134 Mo. App. 130; Weese v. Brown, 102 Mo. 299.]

Further question is made as to instructions given for plaintiff and refused for defendant. It seems that defendant engaged plaintiff to sell his farm some time prior to the differences resulting in this controversy, plaintiff to receive a certain per cent as commission on a certain price. But finally, when one Dashler was produced by plaintiff as a prospective purchaser, it was agreed that defendant would take net for his farm $5000 in cash and certain lots in the town of California; that is, he would not allow to plaintiff any commission out of that price and plaintiff should look to the purchaser. The result of the negotiations between plaintiff and defendant was that plaintiff should have for his commission what he got above $5000. He thereupon obtained from Dashler an offer for the property of $5250, and the lots. The evidence tended to show Dashler to be ready, willing as well as able to complete the purchase.

The instructions presenting the case to the jury for each party are exceptionally clear. There was no chance, in any degree of reason, for the jury to misunderstand them. We regard the criticism made of them by defendant as not at all well founded. If plaintiff was entitled to recover any sum, it was $250, and the instruction on this head submits the proper hypothesis of his being entitled to that sum, and was proper. Something appeared in evidence as to $36 worth of hay on the farm that was or was not to be "thrown in" in the trade, and that was properly treated in instructions

for defendant. Some of defendant's instructions were modified by the court so as to make them more properly conform to the evidence and the issues. We regard the court's action in this respect as proper.

A full consideration of defendant's brief and suggestions has not shown us any ground for interference, and the judgment will be affirmed. All concur.