## BARTON LUMBER COMPANY, Respondent, v PETER B. GIBSON, Appellant.

### St. Louis Court of Appeals, December 2, 1913.

1. **JUSTICES' COURTS: Pleading: Action on Account: Waiver of Bill of Items.** The defendant, in an action on an account instituted in a justice's court, may waive his right to require the filing of a bill of items of the account under Sec. 7413, R. S. 1909.

2. **PLEADING: Action on Account: Waiver of Bill of Items.** The defendant, in an action on an account instituted in the circuit court, may waive his right to require the filing of a bill of items of the account under Sec. 1832, R. S. 1909.

3. **JUSTICES' COURTS: Pleading: Action on Account: Waiver of Bill of Items.** On appeal to the circuit court from a judgment rendered by a justice of the peace on an account, if defendant wishes to avail himself of plaintiff's failure to file a bill of items, conformably to Sec. 7413, R. S. 1909, he should interpose a timely motion or objection.

4. **APPELLATE PRACTICE: Parties Conclusively Bound by Theory at Trial.** The statement of the cause of action transmitted by a justice of the peace to the circuit court, on appeal from a judgment for plaintiff on an account, did not have a bill of items attached, as required by Sec. 7413, R. S. 1909. No motion was made or objection interposed by defendant on that score, but, on the contrary, an account which plaintiff introduced in evidence was treated by the court and both parties as having been substituted for the original account re-

Lumber Co. v. Gibson.

ferred to in plaintiff's statement and therein alleged to have been annexed thereto. *Held*, that defendant was in no position to assign the failure to attach the bill of items to the statement as error.

5. ———: Trial Practice: Special Finding Made Without Request: Conclusiveness. A finding of facts made by the trial court without request, in an action at law, is as binding upon the appellate court as though it were made in compliance with a request therefor.

6. BILLS AND NOTES: Effect of Giving Note for Pre-existing Indebtedness. The giving of a note for a pre-existing indebtedness suspends the right to sue on the indebtedness during the time the note has to run, and is treated as a payment of the indebtedness, to the extent that the creditor cannot recover thereon without producing the note for cancellation at the trial, or accounting for its nonproduction; but, in the absence of an express agreement to that effect, the note does not operate to extinguish the indebtedness.

7. ———: ———: Waiver of Failure to Produce Note. Where plaintiff accepted a note in settlement of an account, and, in an action on the account, defendant's counsel agreed not to set up the giving of the note as a defense in case it was returned, but plaintiff failed to return it, defendant did not waive his right to interpose that defense.

8. APPELLATE PRACTICE: Premature Action: Disposition of Case on Appeal: Costs. Where an action on an account was prematurely brought, on account of the fact that a note given by defendant for the indebtedness was not due, a judgment against defendant should be reversed, even though he admitted he either owed the account or the note, since the matter of costs alone is a substantial right involved in litigation, for a violation of which a judgment should be reversed.

Appeal from St. Louis City Circuit Court—*Hon. William M. Kinsey*, Judge.

REVERSED AND REMANDED.

*Bishop & Cobbs* for appellant.

(1) The statement filed before the justice of the peace was not sufficient. Secs. 7412, 7413, R. S. 1909; Rechnitzer v. Vogelsang, 117 Mo. App. 148; Broughton v. Railway, 25 Mo. App. 10. (2) Where a party

gives his own note for his own debt, and it is expressly stipulated between the holder of the note and the payer that it is to be in satisfaction of the debt, it is an accord and satisfaction of the original cause of action. Holland v. Rongey, 168 Mo. 16; Charlotte v. Lumm, 9 Mo. 63.

*Johnson, Rutledge & Lashly* and *Robert L. Ailworth* for respondent.

(1) No exception was saved by appellant in the trial court as to the sufficiency of plaintiff's statement; no motion was made and no objection to the introduction of evidence under it. Appellant's point one is waived. Finley v. Dyer, 79 Mo. App. 604; Dawson v. Quillen, 61 Mo. App. 672; Redel v. Mo. Valley Stone Co., 126 Mo. App. 163; Hammond v. Berkowitz, 139 Mo. App. 404; McDermot v. Claas, 104 Mo. 14; Gfeller v. Graefmann, 64 Mo. App. 162; Meyer v. Chambers, 68 Mo. 626; Keyes & Watkins v. Freber, 102 Mo. App. 315. (2) The statement of facts constituting the plaintiff's cause of action, filed with the justice in this case, is sufficient. Moore v. Harmes, 123 Mo. App. 34; Redel v. Mo. Valley Stone Co., 126 Mo. App. 163; Cardwell v. Connor, 142 Mo. App. 14; Fixture Co. v. Baseball Co., 152 Mo. App. 601; Hall v. Taylor, 140 Mo. App. 692; Lustig v. Cohen, 44 Mo. App. 271; Hall v. Railroad, 124 Mo. App. 661; Weese v. Brown, 70 Mo. App. 604; Meyer v. McCabe, 73 Mo. 236. (3) So far as the record discloses, Exhibit A was filed in the justice court; even if it was not filed at all it was no part of the plaintiff's petition or statement—it was merely evidence of facts admitted by appellant. Curry v. Lackey, 35 Mo. 389; Bowling v. McFarland, 38 Mo. 465; Merrill v. Central Trust Co., 46 Mo. App. 236; Emmert v. Meyer, 15 Mo. App. 609; Baker v. Berry, 37 Mo. 306; Paulson v. Collier, 18 Mo. App. 583; State v. Samuels, 28 Mo. App. 649. (4) The giving of a promissory note for a pre-existing debt does not operate to extinguish

the indebtedness for which the note is given without a special or express contract to that effect. The record in this cause shows no such agreement. McCormack Co. v. Blair, 146 Mo. App. 374; Book Co. v. Corbett, 162 Mo. App. 72; Holland v. Rongey, 168 Mo. 16; Steamboat v. Lumm, 9 Mo. 64; McMurray v. Taylor, 30 Mo. 263; Chorn v. Zollinger, 143 Mo. App. 191; Berkshire v. Hoover, 92 Mo. App. 349; Doebling v. Loos, 45 Mo. 150; Bertiaux v. Dillon, 20 Mo. App. 602; Sturdevant Bank v. Peterman, 21 Mo. App. 512. (5) Appellant is estopped from claiming that the note in question extinguished the debt, by his agreements, admissions in court and position in the whole case. "We owe either the note or the account," was his position at the trial. After sending the note in question he admitted by word and conduct the existence of the account as a valid obligation, and made an agreement that judgment might be taken on it if the note was cancelled. He cannot now be heard to assert that the account has been extinguished. (6) It appears that substantial justice has been done by the judgment of the trial court, and so the judgment should not be reversed. R. S. 1909, Secs. 2082, 1850; Hanley v. Holton, 120 Mo. App. 393; Crass v. Gould, 131 Mo. App. 585; McDermott v. Class, 194 Mo. 14; Stumpe v. Kapp, 201 Mo. 412; Mann v. Doerr, 222 Mo. 1.

ALLEN, J.—This is an action to recover $496.72, being the sale price of certain lumber sold and delivered by plaintiff to defendant. The suit was begun before a justice of the peace. Plaintiff had judgment, and the defendant appealed to the circuit court, where the cause was tried before the court alone, a jury having been waived, resulting again in a judgment for plaintiff, from which defendant prosecutes this appeal.

1. A statement was filed with the justice of the peace, setting up briefly plaintiff's cause of action, and

referring to an itemized statement stated to be thereto annexed and marked "Exhibit A." The latter is not preserved in the record. At the trial in the circuit court, it developed that it was not among the papers certified by the justice; plaintiff's counsel stating, in response to a query by the court: "The justice's transcript has left it behind; it is not here." In lieu thereof, however, plaintiff caused to be identified and introduced in evidence a paper shown to have been prepared by defendant and sent to plaintiff as and for a statement of the account. The latter showed that the claim was for two carloads of lumber, giving the car numbers, and for which, after deducting certain charges and allowances, a balance of $496.72 was shown to be due plaintiff.

One point raised by appellant pertains to the sufficiency of the statement filed before the justice. This is upon the ground that the record does not show that "a bill of items of the account" was filed, in compliance with section 7413, Revised Statutes 1909. But this point we think is not well taken. There was sufficient before the justice of the peace to give him jurisdiction of the cause, and if the defendant wished to avail himself of the failure on the part of plaintiff to file the bill of items of the account, if there was any such failure, he should have interposed a timely motion or objection in the circuit court. In this particular a defendant may waive his right to insist upon the filing of an account even in a suit begun in the circuit court, as required by section 1832, Revised Statutes 1909. [See Schneider v. Johnson, 164 Mo. App. l. c. 646, 147 S. W. 538.]

Here the statement filed before the justice referred to an account alleged to have been thereto annexed and filed with the justice. At the trial in the circuit court it was not contended by defendant that such account had not been in fact filed, and no point respecting the same was made. No motion was made or objec-

tion interposed on this score. On the contrary the
account which plaintiff introduced in evidence appears
to have been treated by the court and by both parties
as having been substituted for the original account re-
ferred to in the statement on file and therein alleged
to have been annexed thereto. It was upon this theory
that the case was tried below, and appellant did not
in any manner complain thereof except in his motions
for a new trial and in arrest. Such being the case we
think that appellant is now in no position to urge any
error in this regard as ground for a reversal in this
court.

II. The only defense interposed below pertains
to a note shown to have been executed by the defend-
ant to the plaintiff for the amount of the indebtedness
on account of the sale of the lumber in question. The
record discloses that this note was dated September
21, 1910, and was for the amount of the account sued
upon, and payable on or before sixty days after that
date. It was mailed to plaintiff with the request that
the latter accept it in settlement of the account. Plain-
tiff received it on September 24, 1910, accepted and
retained it. Upon presentation of the note to defend-
ant at its maturity, payment thereof was refused; and
plaintiff thereupon caused the note to be protested.
This action, however, had in the meantime been begun,
on September 27, 1910, by a representative of the plain-
tiff; it appearing that this step was taken without
the knowledge of the plaintiff at the time, but in the
course of the business of plaintiff's representative,
who was acting for it.

It appears that the suit was continued from time
to time in the justice court, and that counsel for plain-
tiff and defendant, respectively, came to an understand-
ing whereby it was agreed that the suit might proceed
to judgment before the justice of the peace upon the
account, provided plaintiff's counsel would deliver to
defendant's counsel the note in question, so that the

same might not be an outstanding obligation against defendant; the indebtedness represented by the account and the note being admitted to be due from plaintiff to defendant.

The circuit court made a finding of facts, though not thereto requested, in which the court found that the note had not in fact been delivered to defendant's counsel, though counsel for plaintiff believed that the same had been done. The court further found, from the letters and testimony respecting the giving of the note, that the latter was accepted by the defendant in "settlement of said account;" that the agreement later entered into by defendant's counsel respecting the surrender of the note was a waiver of defendant's right to plead the acceptance of the note by plaintiff, as being a settlement and payment of the account, as a defense to this action on the account itself; finding, however, that the condition upon which such waiver had been made had not been performed by plaintiff.

The court then proceeded apparently to treat the action as one upon a lost note, entered judgment for the plaintiff for the amount of the indebtedness and accrued interest, and ordered that execution be stayed until the plaintiff executed and delivered to defendant a bond in the sum of one thousand dollars, with surety or sureties to be approved by the court, conditioned that plaintiff would save the defendant harmless from any loss or damage which might thereafter accrue by reason of any claim or claims by any other person on account of such note. The record discloses that such bond was given and approved.

So far as concerns the facts, we are concluded by the findings of the trial court. It is true that the court was not requested to make a finding of facts, but this court has expressly held that where such finding is made, though without request, it is as binding upon the appellate court as if made in compliance with a

178 Mo. App. 45

request therefor. [See Lesan Advertising Co. v. Castleman, 165 Mo. App. 575, 148 S. W. 433.] And in support of the conclusion reached in that case are cited cases from other States holding likewise, decided under statutes similar to ours, viz.: Jennings v. Jennings, 56 Iowa 288; Farwell Co. v. Lykins, 59 Kas. 96; Harner v. Batdorf, 35 Ohio St. 113; and reference is made to the language used in the opinion in Shipp v. Snyder, 121 Mo. 155, 25 S. W. 900, wherein our Supreme Court said: "The court in this case, sitting as a jury, was under no obligation to make a special finding of facts, but, as was his privilege, he did so. The facts so found by him are responsive to the issues upon which a judgment could have been rendered, and his findings as a jury then ceased . . . And it became his duty, as a court, to render judgment on the finding, or if dissatisfied with it for any valid reason, to set it aside."

The court found that the note was given in settlement of the account; that the agreement made by defendant's counsel respecting its return was such as to operate as a waiver by defendant of the defense respecting the note; but the court then expressly found that such waiver was only upon condition that the note be returned, and found that such condition had not been performed, i. e., that the note had not in fact been returned. Hence such waiver did not attach, and defendant was entitled to interpose his defense on this score.

The giving of a note under such circumstances "suspends the right to sue upon the indebtedness during the time the note has to run, and it is treated as payment thereof to the extent that the party to whom the note has been given cannot recover upon the original cause of action without producing the note on the trial for cancellation or properly accounting for its nonproduction. But in the absence of an express agreement to that effect, the note does not operate to ex-

tinguish the indebtedness." [Harvesting Co. v. Blair, 146 Mo. App. 374, 124 S. W. 49, and cases cited.]

It is urged that, inasmuch as the transaction attending the giving of the note by defendant and its acceptance by plaintiff was had by correspondence between the parties, and as the record contains the letters passing between them, the question as to whether the note was taken in "settlement" of the account, as found by the trial court, is one of law to be determined by the language employed in such letters, and that therefore we are not bound by the court's finding in the premises. But however this may be, it is quite clear that when the note, bearing date September 21, 1910, was accepted by plaintiff on September 24, 1910, it operated to suspend the right to sue upon the indebtedness for the time which the note had to run, to-wit, sixty days from its date. [See Harvesting Co. v. Blair, supra.] Hence plaintiff had no cause of action against the defendant on September 27, 1910, when it instituted this action. It is not disputed that defendant was then and is now indebted to plaintiff in the sum for which the action is prosecuted. However, it is quite clear that defendant was entitled not to be sued thereon until the maturity of the note, at which time he might have paid the same without suit and the costs attending the same. The facts, as found by the trial court, were such as to prevent the waiver of this defense which would otherwise have later attached. And as such finding is conclusive upon us, it seems altogether clear that we are bound to hold that the plaintiff was without right to institute the action when it did; and that it was error for the trial court to treat the action as one upon a lost note and render judgment for plaintiffs upon the giving of a bond as required in such cases.

Respondents earnestly insist that substantial justice has been done by the judgment of the trial court and hence such judgment should not be reversed. This

argument would appear to inhere with much force were it not for the fact that defendant must be deemed to be prejudiced thereby as for a violation of his substantial right to have and recover the costs. It has been frequently held that the matter of costs alone is a substantial right involved in litigation, for violation of which a judgment should be reversed. [See State ex rel. v. Dickmann, 146 Mo. App. 396, 124 S. W. 29, and cases cited.] It is true that defendant here admits that he owes "either the account or the note." Nevertheless, under the facts as found by the lower court, it appears that defendant's substantial rights were violated by the institution of the suit prior to the maturity of the note; and that in the absence of a waiver of its defense on this score the court was without authority to enter judgment against him in this proceeding. In this view, we feel compelled to hold that the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.