GEORGE P. NORTON, RESPONDENT, v. JOHN H. ALLEN, APPELLANT.

Kansas City Court of Appeals. January 23, 1928.

*Corpus Juris-Cyc. References: Justices of the Peace, 35CJ, section 229, p. 617, n. 47; p. 619, n. 48; section 243, p. 632, n. 97; section 377, p. 713, n. 55.

*Daniel E. Bird* and *Geo. P. Norton, pro se.*

*Walter W. Calvin* for appellant.

BLAND, J.—This is an appeal from an order of the circuit court of Jackson county, Missouri, overruling a motion to quash an execution. The execution was issued out of said court on a transcript of a judgment rendered by a justice of the peace of said county. The motion to quash the execution is founded upon an allegation therein that the judgment of the justice was void for the reason that plaintiff failed to file in the justice court a statement of the account or bill of items of the account sued upon; that the statement that was filed was a nullity and, therefore, the justice obtained no jurisdiction over the cause. The statement filed in the justice court, omitting caption and signatures, reads as follows:

"Comes now the plaintiff and states that the defendant is justly indebted to him for professional services rendered for and in behalf of the defendant in the sum of five hundred dollars ($500), being the balance due on said account; that the same has been demanded and has not been paid, and that it is reasonable.

"Wherefore, plaintiff prays judgment against the defendant in the sum of five hundred dollars ($500) and the costs of this action.

The facts in reference to what occurred while the case was pending in the justice court, show that defendant's attorney considered the statement insufficient and lodged in the justice court a motion requiring plaintiff to file "an itemized account of the *legal* services alleged to have been rendered," "setting out the nature and character of such services, the date when the same were rendered and the charges therefor," and the payments made upon the account. It seems that this motion was never acted upon by the justice but plaintiff, who was and is an attorney at law, drew an amended statement setting out in great detail the legal services rendered to the defendant therein by him, together with the dates and items of the charges and payments, and that a copy of this statement was mailed to defendant's counsel

on October 8, 1926, who received it in due time. The case was set for trial in the justice court on October 8, 1926, and by an agreement between plaintiff and attorney for defendant, the case was continued. Defendant's counsel testified in the circuit court that he understood the case was to be continued until October 22d whereas plaintiff testified that the agreement was that it was to be continued to October 15th. The case was in fact continued to October 15th when defendant and his counsel failed to appear and judgment was taken by default against the defendant.

At the trial on the motion to quash, defendant introduced in evidence the original statement filed in the justice court which we have set out in full. Over the objection of defendant, plaintiff was permitted to show that an amended statement of the kind above described was actually filed before the justice prior to the trial of the case therein and that the same was marked filed. However, it would appear that the amended statement was not among the papers in the case in the justice court and there is no record therein of its having been filed.

Defendant insists that the justice acquired no jurisdiction of the cause for the reason that the action was founded upon an account and no bill of items of the account was filed before the justice, and the original statement filed in the justice court is insufficient because it did not contain a bill of items and no bill of items was filed therewith; that in any event the statement was insufficient to give the court jurisdiction. The motion to quash the execution is a collateral attack upon the judgment of the justice. In Enterprise Furniture & Carpet Outfitting Installment Co. v. Davidson, 244 S. W. 949, 950, the court said—

"The general rule in respect to jurisdiction is that if the court has jurisdiction of the parties and the subject-matter or the cause of action, its judgment cannot be impeached in a collateral proceeding for errors or mere irregularities. [Colvin v. Six, 79 Mo. 200; Hardin v. Lee, 51 Mo. 241; Merrick v. Merrick, 5 Mo. App. 123.] In the last case it is said at page 126:

" 'Where a judgment of a court which has jurisdiction of the subject-matter and of the parties is either erroneous or irregularly entered, but stands unreversed and unvacated, and with no attempt made to supersede, alter, or in any way reform it, it would seem clear, on principle, that an execution issued on it cannot be quashed on the ground of error or informality in the judgment.'

"Such an irregular or erroneous judgment may only be corrected on appeal. That a motion to quash, such as was filed in this case under the circumstances, is a collateral attack upon the judgment, there is no question. [Kansas City ex rel. Pryor v. Winner, 58 Mo. App. 299, 302; 1 Black on Judgment (2 Ed.) par. 253.]"

152

Section 2736, Revised Statutes 1919, provides for the filing before the justice in certain instances of the written instrument, if any, executed by the defendant in which case no other statement shall be required. However, this section further provides that "if the suit is founded on an account, a bill of items of the account shall be filed; in all other cases, a statement of the facts constituting the cause of action, and the amount or sum demanded, shall be filed with the justice." Section 2735, Revised Statutes 1919, provides that—". . . the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded." The filing of the instrument, the statement of the account or bill of items of the account, is not jurisdictional if a statement is filed. [Mansur v. Linney, 162 Mo. App. 260; Lumber Co. v. Gibson, 178 Mo. App. 699, 703.] Of course, there must be something filed with the justice to give him jurisdiction. In the absence of the filing of the instrument sued upon or a statement of account or bill of items of the account, it is necessary for plaintiff to file a statement of facts constituting his cause of action. If no instrument, account or statement is filed before the justice, or where a statement only is filed but it is so defective as to amount to a nullity so that it is equivalent to no statement, then the justice does not acquire jurisdiction to proceed. [Mansur v. Linney, supra, l. c. 274.]

In Finley v. Dyer, 79 Mo. App. 604, 606, the court said that a statement is not a nullity if it is "sufficient to advise the defendant for what he was sued and the amount claimed." Unquestionably what may be amended is not a nullity. Even if the original statement filed herein by plaintiff was not sufficient, it was clearly amendable. [Jones v. St. Joseph Gazette Co., 285 S. W. 491; Butts v. Phelps, 79 Mo. 302; Allen v. McMonagle, 77 Mo. 478; Grabbe v. St. Louis Drayage Co., 42 Mo. App. 522; Rechnitzer v. Vogelsang, 117 Mo. App. 148; Fixture Co. v. Baseball Co., 152 Mo. App. 601; Rundelman v. Boiler Works Co., 178 Mo. App. 642.] The original statement filed herein is not so indefinite as to amount to no statement whatever and was not a nullity and we think it was sufficient to confer jurisdiction upon the justice, at least it must be so held in a proceeding collaterally attacking the judgment.

As to the filing of the amended statement, it may be said that it was not necessary to establish its filing by a docket entry made in the case by the justice, section 2727, Revised Statutes 1919, Fidelity and Guaranty Co. v. Feed Co., 100 Mo. App. 724, 727, but having come to the conclusion that the filing of the original statement was sufficient to confer jurisdiction on the justice, it is not necessary for us to pass upon the question as to whether or not it is competent to establish by

testimony wholly parol that an amended statement was filed in the justice court.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.