---

THE PHENIX INSURANCE COMPANY OF BROOKLYN, N. Y., Respondent, v. T. S. FOSTER et al., Appellants.

| 56 | 197 |
| 91 | 188 |
| 56 | 197 |
| 99 | 310 |

Kansas City Court of Appeals, January 8 and 29, 1894.

Justices' Courts: JURISDICTION: FILING NOTE. The lodging of the paper which is the foundation of the action before the justice of the peace is a requisite to jurisdiction, and it must, by some means, be made to appear by the records, and the action is founded on a note, which is not filed at all with the justice he acquires no jurisdiction, nor does the circuit court on appeal.

*Appeal from the Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED AND REMANDED *(with directions).*

*R. M. Robertson* for appellants.

THE statement is not good. Respondents are attempting to recover on a note, and it was not made a part of statement, but only introduced as evidence. A copy in the statement is not sufficient. Revised Statutes, section 6138.

*Chas. E. Morrow* for respondent.

GILL, J.—This purports to be a suit on a promissory note charged to have been executed by the defendants. It originated before a justice of the peace, but the plaintiff failed to file the instrument sued on with the justice. Neither was the note alleged to have been lost or destroyed—indeed it affirmatively appears, by the evidence adduced, to have been in existence and in the hands of plaintiff.

When the case was heard in the circuit court the defendants objected to any evidence, on the ground that there was no cause of action stated, etc. The court overruled the objection; the case was prosecuted to judgment against defendants, and they have appealed. The foregoing is a sufficient statement for the disposition of this appeal.

The trial court should have sustained defendant's objection to the introduction of any evidence and dismissed the case, for the reason that, as appears from the record, it had no jurisdiction of the subject-matter of the action.

The statute controlling the practice before justices of the peace provides: "Before any process shall be issued in any suit, the plaintiff shall file with the justice the instrument sued on," etc. (Revised Statutes, 1889, section 6138); and further: "When the suit is founded upon any instrument of writing purporting to have been executed by the defendant, * * * the same shall be filed with the justice, * * * * but no suit shall be dismissed or discontinued for want of any such statement or cause of action, or for any defect or insufficiency thereof, *if the plaintiff shall file the instrument,* etc., * * * *before the jury is sworn or the trial is commenced* or when required by the justice."

Revised Statutes, section 6139.

As said by us in *Olin v. Zeigler* (46 Mo. App. 193) "the lodging of the paper which is the foundation of the action (before the justice), is a requisite to jurisdiction, and it must, by some means, be made to appear by the record." In this case the instrument which formed the basis of the action was not filed at all, and hence jurisdiction in the justice, over the subject matter, was wanting. And as the justice had no jurisdiction neither did the circuit court acquire any by reason of the appeal. *Gideon v. Hughes*, 21 Mo. App. 528; *McQuoid v. Lamb*, 19 Mo. App. 153; *Robinson v. Walker*, 45 Mo. 117.

Judgment reversed and cause remanded with directions to the circuit court to dismiss the action. All concur.