# HEZEKIAH SANDERS, Respondent, v. ELLROY V. SELLECK, Appellant.

**St. Louis Court of Appeals.    Submitted on Briefs April 3, 1912. Opinion Filed May 7, 1912.**

1. **JURISDICTION: Circuit Court: Appeal from Justice's Court.** In cases appealed from a justice's court to the circuit court, the jurisdiction is derivative and not original, and hence, if the justice had no jurisdiction, the circuit court acquires none on appeal.

2. **JUSTICES' COURTS: Action on Promissory Note: Filing Note: Sufficiency of Evidence.** In an action on promissory notes, instituted in a justice's court and taken to the circuit court on appeal by defendant, the justice's transcript set out the filing of the notes, and it appeared that they were before him prior to the trial of the cause. They were stamped with the fact of judgment and the amount thereof, signed by the justice, and although they were subsequently withdrawn by the plaintiff, they were refiled in the circuit court before trial there. *Held,* there was a sufficient showing that the notes were properly filed before the justice, within the spirit of sections 7412, 7413, Revised Statutes 1909.

3. ———: **Action on Instrument: Filing Instrument: Statutes Construed.** Section 7412, Revised Statutes 1909, which requires that, before process issue from a justice's court, the plaintiff shall file with the justice the instrument sued on, or a statement of the facts constituting the cause of action, and section 7413, which provides that no suit shall be dismissed or discontinued for want of any such statement, or for any defect or insufficiency thereof, if the plaintiff shall file the instrument, or a sufficient statement, before commencement of the trial, or when required by the justice, should be read in connection with each other.

4. ———: **Action on Promissory Note: Filing Note before Judgment: Jurisdiction.** The provisions of section 7413, Revised Statutes 1909, relating to justices' courts, "that no suit shall be dismissed or discontinued for want of any such statement or cause of action, or for any defect or insufficiency thereof, if the plaintiff shall file the *instrument* or account, or a sufficient statement, before the jury is sworn or the trial commenced, or when required by the justice," covers not only a defect in the statement, but the failure to file the instrument sued on; and hence, in an action on promissory notes, instituted in a justice's court,

the justice had jurisdiction to render a judgment for the plaintiff, where the notes were filed with him before he rendered the judgment.

5. ———: ———: ———: **Effect of Failure to Endorse Filing Mark or Notes.** In an action on promissory notes, instituted in a justice's court, where the notes were filed with the justice before he rendered judgment for the plaintiff, his failure to mark them "filed" was a clerical omission, not affecting the fact that they were filed, and could not be used to the prejudice of the plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*Ellroy V. Selleck pro se.*

(1) A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file. Bouv. Law Dictionary, also State v. Hockaday, 98 Mo. 493. The filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon. State v. Hockaday, supra; Grubbs v. Cones, 57 Mo. 83; Dawson v. Cross, 88 Mo. App. 292. (2) The lodging with the justice of the paper which is the foundation of the action is a requisite to jurisdiction, and it must by some means be made affirmatively to appear by the record, if not by a docket entry, then by the paper itself being among the original papers in the cause. Gideon v. Hughes, 21 Mo. App. 528; McQuoid v. Lamb, 19 Mo. App. 153; Robinson v. Walker, 45 Mo. 117; Olin v. Zeigler, 46 Mo. App. 193; Insurance Co. v. Foster, 56 Mo. App. 197. (3) Where the justice had no jurisdiction of the subject-matter, the circuit court acquires none on appeal. Olin v. Zeigler, supra; Ins. Co. v. Foster, supra; Devore v. Staeckler 49 Mo. App. 547; Gideon v. Hughes, 21 Mo. App. 528; McQuoid v. Lamb, 19 Mo. App. 253; Robinson v. Walker, 45 Mo. 117.

*Abbott, Edwards & Wilson* for respondent.

(1) The transcript of the justice and the testimony of plaintiff, elicited by defendant on cross-examination, show that the notes were filed with the justice. This was sufficient. Revised Statutes 1909, section 7413.    (2) The filing before the justice of the instrument sued upon is not essential to confer jurisdiction on the justice and the omission is cured by filing it after suit has been commenced, or if the cause is appealed, by filing it in the circuit court, or by the defendant entering his general appearance. Schenck v. Stumpf, 6 Mo. App. 381; Kleiboldt v. Grober, 6 Mo. App. 574; Livery Co. v. Freber, 102 Mo. Mo. App. 318; Widman v. Ins. Co., 115 Mo. App. 347; Conn. Co. v. Orr, 150 Mo. App. 705; Stephenson v. Bank, 141 S. W. 691.

REYNOLDS, P. J.—Plaintiff commenced this action before a justice of the peace by filing a statement in which he sets out that he prayed judgment against defendants on three promissory notes, "copies of which are filed and marked Exhibits 'A,' 'B' and 'C,' respectively," each for for fifty dollars, with interest from September 11, 1907, at six per cent per annum, all of which except nine dollars and fifty cents, paid and credited on the note marked Exhibit "A," it is averred, is yet due and unpaid.    There was a judgment by default against defendant Ellroy V. Selleck, the cause being dismissed as to the other defendant. Afterwards the defendant Selleck appeared before the justice and moved to set aside the default.    That being overruled he appealed to the circuit court, where on a trial *de novo,* a jury being waived, the court found against him and rendered judgment for the amount of the three notes and interest less the payment credited. From this defendant, filing a motion for new trial and in arrest which were overruled, has appealed to this

court, duly saving exceptions to all adverse rulings of the court.

The principal point for consideration which appellant presents, is that the original notes were not filed with the justice before process was issued, and arguing from this that the justice had no jurisdiction, it is contended that the circuit court derived none on appeal. This latter proposition is obviously correct; in cases appealed from a justice to the circuit court, jurisdiction is derivative, not original; if the justice had no jurisdiction over the cause, the circuit court could acquire none. But the crux of the case depends on the premise that failure to file the original notes, it not being averred that they had been lost or destroyed, was fatal to the jurisdiction of the justice. The contention of appellant, that these notes were never filed with the justice, is not sustained by the recital in the transcript of the justice. There it is distinctly set out that the notes were filed. The justice's transcript, after the title of the cause, is "Suit on three promissory notes filed. Demand, $140.50 and interest. Summons issued to constable," naming him and the date of return. There was testimony to the effect that copies merely and not the originals were filed with the justice, but it also appears that the originals were before him, whether before issuing summons is not shown. They were undoubtedly produced before him in evidence prior to the trial of the cause, and on the face of each of the notes is stamped the fact of judgment and amount thereof, signed by the justice. It appears that after filing these notes with the justice, the plaintiff, by leave, withdrew them but that when the cause was appealed to the circuit court he refiled them in that court, this occurring about eighteen months prior to the cause being there called for trial. We hold that from all this it appears that within the spirit of sections 7412 and 7413, Revised Statutes 1909, these notes were properly filed.

Section 7412, Revised Statute 1909, provides that no formal pleadings upon the part of either plaintiff or defendant shall be required in the justice's court but before any process shall be issued in any suit, the plaintiff shall file with the justice the instrument sued on or a statement of the account or of the facts constituting the cause of action. It has been held under this section that it is not necessary to file both a statement and the instrument sued on, filing either is sufficient. [Odle v. Clark, 2 Mo. 13; Hudson v. Wright, 204 Mo. 412, l. c. 431, 103 S. W. 8.] It is held in Keyes & Watkins Livery Co. v. Freber, 102 Mo. App. 315, 76 S. W. 698, that the object of our statutes covering this matter is to require the party relying upon the written instrument as establishing his demand to make profert of the written instrument contemporaneous with the filing of the demand and that when filed with the justice it serves as a complaint and is a profert of the instrument. "It has never been held," says our court in this case, "that the filing of it is essential to confer jurisdiction on the justice, but that the omission is cured by filing it after the suit has been commenced, or if the cause is appealed by filing it in the circuit court, or by the defendant entering his general appearance." Many cases are cited in support of this. It would seem under the provisions of section 7413 decision is unnecessary to elucidate the statute. That section explains itself and is to be read with section 7412. Section 7413, after providing "when a suit is founded upon any instrument of writing purporting to have been executed by the defendant, . . . the same shall be filed with the justice, and no other statement or pleading shall be required," and providing for the filing of a bill of items when the action is on an account, and of a statement of facts in all other cases, then proceeds, "but no suit shall be dismissed or discontinued for want of any such statement or cause of action, or for any defect or insufficiency thereof, if the

plaintiff shall file the *instrument* or account, or a sufficient statement, before the jury is sworn or the trial commenced or when required by the justice.". This broad provision covers not only a defect in the statement but failure to file the *instrument*. In this case those instruments are notes. The evidence shows that they were before the justice before judgment rendered.

But counsel argue he did, not file or mark them filed. His failure to do this does not destroy the fact they they were, in law, filed. Appellant indulges in an elaborate definition of the words "file," "filed," resorting to the Latin origin of the words, their root, so to speak. We are not dealing with abstract definitions, but facts. In point of fact and in law these notes were produced before the justice. If he failed to so indorse them, to mark them filed, it was a mere clerical omission which cannot be used to the prejudice of the plaintiff and certainly wrought no harm to the defendant. It affirmatively appears that these notes were withdrawn by plaintiff by permission of the justice. That implies that they had been lodged with him. They were then filed in the circuit court. That is all that under the Keyes-Watkins case, supra, and cases there cited and other cases following, is required.

There was some effort made by the defendant at the trial to prove lack or failure of consideration. The trial court found against him on this. We find no reversible error. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.