YOUNG MEN'S CHRISTIAN ASSOCIATION,
Respondent, v. S. O. MORROW, Appellant.

Springfield Court of Appeals, June 3, 1912. Motion For Rehearing
Denied, July 9, 1912.

1. JUSTICES' COURTS: Filing Instrument Sued On: Jurisdiction: Appeal to Circuit Court. The failure to file the instrument sued on in an action instituted before a justice of the peace does not affect the jurisdiction of the justice, and the instrument may be filed after appeal and before trial in the circuit court.

2. **EVIDENCE: Contracts: Construction: Parol Evidence to Show Circumstances.** While a written contract cannot be contradicted by parol, yet when it is incomplete or ambiguous, its construction may be aided by proof of the circumstances surrounding its execution and the purpose for which it was executed.

3. **CONTRACTS: Construction: Subscription: Failure to Name Payee.** Defendant signed a subscription card pledging a sum of money for the purpose of erecting and furnishing a suitable building for Y. M. C. A. purposes. The Y. M. C. A. was incorporated and on the faith of this subscription and others, the officials of the organization erected the building. *Held,* that under these circumstances the failure to name the payee in the subscription did not affect its validity.

4. ——: ——: ——: **Parol Evidence to Show Circumstances.** Defendant filled out and signed a subscription card in which he pledged the sum of "Tho Hundred Dollars" for the purpose of erecting and furnishing a suitable building for Y. M. C. A. purposes. In a suit on the subscription defendant contended that it specified no amount to be paid; but it appeared that his subscription was taken at a tent meeting and the collector called out the amount at the time as two hundred dollars. This fact, together with the other evidence was *held* sufficient to support the finding of the trial court that the subscription was for two hundred dollars.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins,* Judge.

`AFFIRMED.`

*Shannon & Phelps* for appellant.

(1) Defendant has a right to object for the first time in the appellate court that the petition does not state a cause of action, and it matters not what the ground of objection may be, provided only that it be good and sufficient in law. Andrews v. Lynch, 27 Mo. 167; Burns v. Patrick, 27 Mo. 434; Syme v. Steamboat, 28 Mo. 335; Weil v. Greene County, 69 Mo. 281; Wells v. Association, 126 Mo. 630; State to use v. Bacon, 24 Mo. App. 403; McGrew v. Railroad, 230 Mo. 511; Goodman v. Griffith, 142 S. W. 258. (2) The rule

is the same where the action is commenced before a justice of the peace. Ward v. Railroad, 91 Mo. 171; Jones v. Railroad, 52 Mo. App. 384; Brassfield v. Patten, 32 Mo. App. 576; Wilson v. Railroad, 18 Mo. App. 260; Moreland v. Railroad, 17 Mo. App. 81. (3) Every fact which is a necessary ingredient of a cause of action must be stated either directly or by implication in a complaint filed with a justice of the peace in order to give the justice jurisdiction of the subject-matter, and where any such fact is not alleged, either directly or by intendment, the circuit court has no right on an appeal to permit an amendment that will cure the defect. Nemo v. Railroad, 105 Mo. App. 540; Richnitzer v. Candy Co., 82 Mo. App. 311; Brennan v. McMenamy, 78 Mo. App. 122; Goddman v. Griffith, 142 S. W. 258. (4) To result in a contract an offer must be certain. The parties must make their own agreement and not leave it for the court to construct one for them. If any agreement is so ambiguous and uncertain that the court is unable to collect from it what the parties intended, the court cannot enforce it, and since there is no obligation, there is no contract. 9 Cyc. 248; Burks v. Stam, 65 Mo. App. 455; Truitt v. Fahey, 52 Atl. 339; Fairplay v. O'Neal, 26 N. E. (Ind.) 686; Woods v. Evans, 55 Am. Rep. (Ill.) 409; Palmer v. Albee, 50 Iowa, 429; Blackiston v. Bank, 39 Atl. (Md.) 855; Marble v. Oil Co., 48 N. E. (Mass.) 783; Leslie v. Smith, 32 Mich. 64; Peek v. Works, 29 Mich. 313; L. & T. Co. v. Goodman, 86 N. W. (Neb.) 1082; Case v. Lemmington, 3 N. J. L. 853; Purne's Estate, 46 Atl. (Pa.) 369; Reeds v. Lowe, 29 Pac. (Utah) 740.

*Allen McReynolds* for respondent.

(1) No formal pleadings upon the part of either plaintiff or defendant shall be required in a justice

court. All that is necessary is that a sufficient statement shall be filed to advise the defendant of the nature of the claim against him and that the statement will be sufficient to bar another action. R. S. 1909, sec. 7412; Iba v. Railroad, 45 Mo. 469; Butts v. Phelps, 79 Mo. 302; Lin v. Railroad, 10 Mo. App. 125; McCrary v. Goode, 74 Mo. App. 425; Darnell v. Laferty, 113 Mo. App. 282; Hall v. Railroad, 124 Mo. App. 661; Dalton v. Railroad, 134 Mo. App. 392; City v. Johnson, 78 Mo. 661; Butts v. Phelps, 90 Mo. 675. (2) The statutes of Missouri as well as the decisions, provide that when a verdict has been rendered in any case, judgment thereon shall not be stayed, nor be reversed or impaired by any defective pleadings, for the want of any allegation or averment on account of which omission a demurrer could have been maintained, or for the omitting of any allegation or averment without proving which the triers of issue ought not to have given a verdict. R. S. 1909, sec. 2119; Gustin v. Ins. Co., 164 Mo. 172; Reed v. Crane, 89 Mo. App. 676; Sawyer v. Railroad, 156 Mo. 477; Ellithrope v. Com. Co., 67 Mo. App. 251. (3) The agreement in this case is not ambiguous. It is an agreement which on one point only is subject to explanation and that is the question of figures. Oral testimony is competent to show the intention of the parties and the benefit of the contract will not be lost, but the parties have a right to show the intentions by competent witnesses. Arthur v. Roberts, 60 Bark. 580; Walroth v. Watkin, 26 Kas. 482; Lumber Co. v. Warner, 93 Mo. 374; Hydeman v. Wolfstein, 12 Mo. App. 306; 9 Ency. of Ev., 391. (4) Defendant's proposition was accepted by the erection of the Y. M. C. A. building, on the strength of the promise of himself and other promises. McClanahan v. Payne, 86 Mo. App. 284; Workman v. Campbell, 46 Mo. 305; Davis v. Johnson, 49 Mo. App. 240; Perkins v. Bakron, 45 Mo. App. 248; Railroad v. Taygard, 84 Mo. 263.

COX, J.—Action begun before a justice of the peace upon an alleged subscription by defendant of $200 for the erection and furnishing of a suitable Y. M. C. A. building and maintenance of the work. Judgment for plaintiff by default in the justice court for. $200. Appealed to the circuit court by defendant where upon trial *de novo* by the court, a jury being waived, judgment again went in plaintiff's favor and defendant has appealed.

When the suit was begun in the justice court, the plaintiff filed a written statement of its cause of action and with it a verified copy of the subscription card signed by defendant but did not file the subscription card itself. When the case reached the circuit court, the defendant filed a motion to dismiss the cause upon the ground that the instrument sued on was not filed before the justice of the peace and for that reason the justice acquired no jurisdiction and hence the circuit court had no jurisdiction on appeal to try the case. This motion was overruled. Plaintiff then filed in the circuit court the instrument sued upon. Defendant then filed a motion to strike this instrument from the files. This motion was also overruled and the trial then proceeded.

Appellant's first contention is that the court erred in overruling his motion to dismiss based upon the ground that the instrument sued upon was not filed before the justice and therefore jurisdiction was not acquired. This position is not tenable. The failure to file the instrument sued on is not jurisdictional and the instrument may be filed after appeal and before trial· in the circuit court. [Keys & Watkins Livery Co. v. Freber, 102 Mo. App. 315, 91 S. W. 1003.]

It is contended that the subscription card signed by defendant is not sufficient to bind him. It is as follows:

"Y. M. C. A. PLEDGE.

I hereby pledge the sum of tho hundred dollars for the purpose of erecting and furnishing a suitable building for Y. M. C. A. purposes and the maintenance of the work. Payable as follows: 25% July 1, 1908; 25% October 1, 1908; 25% January 1, 1909; and 25% April 1, 1909.

Name———S. O. Morrow."———

The objections against its sufficiency are that it does not name a payee; that it does not state when or where the Y. M. C. A. building is to be built and that it specifies no amount to be paid. While a written contract cannot be contradicted by parol, yet, when it is incomplete or ambiguous, its construction may. be aided by proof of the circumstances surrounding its execution and the purpose for which it was executed. It appears from the evidence that at a tent meeting in Carthage when there was a large crowd present, subscriptions were taken for the purpose of raising money to build a Y. M. C. A. building in Carthage. This subscription was taken by placing parties in the aisles throughout the tent with cards similar to the one signed by defendant with the amount of the subscription and the signature left blank. The subscriber would take a card, fill in the amount he wished to subscribe, then sign the card and pass it to a collector in the aisle and he would call out the name of the subscriber and the amount of his subscription. Defendant was sitting near the aisle and his subscription was taken in this way and called out as being for $200. A large number of other subscriptions were taken at the same meeting in the same way. This testimony makes it clear that defendant understood he was pledging money to erect a Y. M. C. A. building in Carthage.

The subscription card does not name a payee but the Y. M. C. A. of Carthage is incorporated and on the faith of this subscription and others amounting in all

to about $40,000 the officials of the Y. M. C. A. erected the building and collected subscriptions to pay for same.  Under those circumstances the naming of a payee in the subscription card was not essential to its validity.  [Swaine v. Hill, 30 Mo. App. 436, 443.]

As to the amount of the defendant's subscription, the collector to whom the card was given by defendant testified that he called it out at the time as $200 and that defendant was sitting two or three or not more than five feet from the aisle at the time.  Defendant testified that he filled out and signed the card but could not tell how it was that he wrote ''Tho'' before the word hundred but insisted that he did not intend to write ''Two.''  He thought he had first intended to subscribe a different amount, but what amount he could not tell, and changed his mind before finishing it and that he never completed it for the amount he thought he would sign for.  He did not remember hearing his subscription announced.  On cross-examination, he admitted that he wrote the word ''Hundred,'' also ''Tho'' but could not tell which he wrote first nor give any satisfactory explanation of how ''Tho'' came to be written in.  About all he could say about it was that he commenced to write something then changed his mind and the card went in without ever being finished.  We think there was evidence sufficient to support the finding of the trial court that the subscription was for $200 and his finding is binding upon us.  Judgment affirmed.  *Nixon, P. J.,* concurs, *Gray, J.,* not sitting.