EMERY GRAVES and LOTTIE JOHNSON, Appellants, v. METROPOLITAN LIFE INSURANCE COMPANY.

In Banc, July 7, 1919.

1. **SUIT ON LOST INSTRUMENT:** Insurance Policy: Affidavit. The statutes requiring that in a suit founded upon a written instrument, if "the debt or damages claimed may be ascertained" therefrom, such instrument "shall be filed with the justice, and no other statement or pleading shall be required," and if such instrument shall be lost an affidavit stating such loss or destruction and setting forth the substance of the instrument, do not apply to a life insurance policy, for an insurance policy is not such an instrument, since it cannot be ascertained from its face the debt or damages due; and hence, it cannot be ruled that the justice fails to obtain jurisdiction of the subject-matter of an action for an amount alleged to be due on an insurance policy, on the sole ground that neither the policy nor an affidavit that it was lost was filed with the justice.

2. **LIFE INSURANCE:** Extended Policy: Failure to Give Notice of Insured's Death: Bar to Recovery. Sections 6946 and 6948, Revised Statutes 1909, providing that, in case of extended life insurance, notice of the claim and proof of death must be submitted to the company within ninety days after insured's death, must be read and construed together, and a failure to give notice and make proof of death within such time, absent waiver or estoppel or other matter of avoidance, defeats recovery. A claim under the policy is not, by said statutes, strictly speaking, defeated by reason of forfeiture, but because failure to give notice and make proof of death constitutes a failure to perform a statutory requirement essential to the creation of a valid claim against the company.

Appeal from St. Louis City Circuit Court.—*Hon. William T. Jones*, Judge.

AFFIRMED.

*James J. O'Donohoe* for appellant.

(1) The policy in suit is non-negotiable and hence Section 7414 is inapplicable. The pertinent sections are Secs. 7412, 7416, R. S. 1909. Neither the filing of the instrument nor an affidavit in case of its loss or destruction is essential to jurisdiction over the subject-matter. Watkins v. American Yoemen, 188 Mo. App. 626; Sanders v. Selleck, 165 Mo. App. 392; Mansur v. Linney, 162 Mo. App. 260; Keyes & Watkins Livery Co. v. Freber, 102 Mo. App. 315; Bank v. Clifton, 263 Mo. 211; State ex rel. v. Smith, 104 Mo. 422; Dowdy v. Wamble, 110 Mo. 284; Railway v. Lowder, 138 Mo. 536; O'Brien v. People, 216 Ill. 354. (2) A policy of insurance is not a debt, but only primary evidence of a debt, and its loss or destruction does not change the obligations of the parties thereto. Dannehauser v. Wallenstein, 169 N. Y. 199; McDonnell v. Ins. Co., 85 Ala. 412. And being non-negotiable when reduced to judgment the policy is merged in the judgment and put out of existence. The judgment becomes the sole and only debt and hence section 7414 is in such cases inapplicable and section 7416 is applicable. Barber v. Baker, 70 Mo. App. 680. (3) "Courts of equity do not favor forfeitures, although life insurance companies do." Belt v. Ins. Co., 12 Mo. App. 101. Accordingly, since there are no words of forfeiture in the statutes for failure to make claim or to supply proof of death within ninety days from the decease of the insured, none should be supplied by construction. Dezell v. Casualty Co., 176 Mo. 253. (4) Time for making claim or furnishing proofs of death is not of the essence of the statute. Montgomery v. Ins. Co., 1 Bush. (Ky.) 51; Insurance Co. v. Jarboe, 102 Ky. 80; Insurance Co. v. Patterson, 22 Ky. Law Rep. 1282; Insurance Co. v. Miles, 23 Ky. Law Rep. 1705. Statutes, like policy stipulations, can be

16—279 Mo.

waived. Liebing v. Ins. Co., 269 Mo. 509; Shearlock v. Ins. Co., 193 Mo. App. 430. The policy stipulates that "if this policy is or shall become void, all premiums paid shall be forfeited to the company." It stipulates, too, that "if any premium shall not be paid when due, this policy shall be void." These stipulations dispensed with notice and proof of death. Mun v. Ins. Co., 181 S. W. (Mo. App.) 606; Dodge v. Ins. Co., 189 S. W. (Mo. App.) 609.

*Nathan Frank* and *Louis B. Sher* for respondent.

(1) The unqualified denial of liability after the time for proofs has expired, is no waiver of the failure to furnish them. Boren v. Brotherhood of Railroad Trainmen, 145 Mo. App. 136; Cohn v. Insurance Co., 62 Mo. App. 275; Bolan v. Association, 58 Mo. App. 531; Gale v. Insurance Co., 33 Mo. App. 672; Erwin v. Insurance Co., 24 Mo. App. 151. (2) Appellants show no valid reason why this court should refuse to follow the decision of the Kansas City Court of Appeals in the case of Chandler v. John Hancock Ins. Co., 180 Mo. App. 394. The contention below was that there was a failure to comply with the terms and provisions of Section 6948, requiring the submission of claim and making and filing proofs of death within ninety days after the death of the insured. (3) This suit being upon a lost instrument filed in the justice court, it was incumbent upon plaintiffs to verify the petition in accordance with Section 7414. The cases referred to by appellants have reference to suits filed in the circuit court. Sections 7413 and 7414 are sections that govern the filing of suits on instruments in writing in the justice court and do not refer solely to suits upon promissory notes or negotiable instruments, as is contended by the appellants. Hudson v. Wright, 204 Mo. 412.

WILLIAMS, J.—This action, originally instituted before a justice of the peace in the City of St. Louis, seeks to recover the sum of $160, and interest thereon,

upon a policy of life insurance issued by defendant upon the life of one Ollie M. Graves.

Plaintiff recovered judgment in the justice court and defendant appealed to the circuit court. Upon trial in the circuit court judgment was rendered for defendant and plaintiffs duly appealed to the St. Louis Court of Appeals, which court (See 179 S. W. 947), reversed the judgment of the circuit court with directions, but, deeming its decision in conflict with certain decisions of the Kansas City Court of Appeals, certified the cause to this court.

The case was first heard and written in Division One, but upon a dissent the cause was transferred to and heard by Court in Banc. After the opinion was written in Division One, and before the cause was submitted In Banc, appellant filed a supplemental abstract of the record, setting forth a copy of the original statement which was filed in the justice court. This statement alleged that the insurance policy was lost. The statement was not verified, neither was there any affidavit filed with the justice which undertook to comply with Section 7414, Revised Statutes 1909.

The following facts are quoted from the Divisional opinion:

"The beneficiary died on September 5, 1906, and the insured on the 16th day of March, 1907. The insured was never married. The plaintiffs are the next of kin and are the sole surviving heirs of the insured and beneficiary. Both died intestate and left no estate. There was no indebtedness against said policy. The insured reserved the right to change the beneficiary.

"It was admitted at the trial that said policy was dated October 20, 1902, and that the premiums were paid until the 22nd day of October, 1906. It was admitted that by reason of the payment of these premiums the policy acquired a net value, three-fourths of which, when applied as a net single premium for temporary insurance, carried the policy to the death of the in-

sured, figured according to the non-forfeiture statute of the State of Missouri.

"The insured died less than five months after default. R. J. Douglass, who wrote the application, and F. M. McDonald, collected part of the premiums thereon. The plaintiffs testified that soon after the death of the insured they notified agents Douglass and McDonald thereof, and made claim under said policy, but McDonald testified that he had quit the employ of defendant before the death of insured. The testimony of McDonald in this respect was conceded to be true.

"At the conclusion of the trial the plaintiffs asked a peremptory instruction, and a declaration of law in respect to their damages, both of which were refused and exceptions saved. Defendant likewise asked instructions, which were refused and exceptions duly saved. The case was taken under advisement by the court, and on May 26, 1913, judgment was entered in favor of defendant and against plaintiffs. The court, at the time of the rendition of said judgment, filed the following memorandum:

" 'It seems clear from the evidence that plaintiffs in the case failed to furnish any proofs of the death of the deceased, as required by the policy, and by Section 6948, Revised Statutes 1909, and failed to show any acts on the part of the defendant that can be construed as a waiver of proofs. The testimony satisfies me that at the time of the conversations, or alleged conversations, of plaintiffs with Douglass and McDonald, neither of them was connected with defendant. This suit was not instituted until four years after death of deceased, which indicates that plaintiffs must have considered at the time of suit that they had no claim. For this reason judgment will go for defendant.' "

I. Respondent insists that the justice court (and hence the circuit and appellate courts) acquired no jurisdiction over the subject-matter of this case, because the appellant failed to file an affidavit before the

justice as required by the statute when a suit is in-
stituted before a justice upon certain lost
Jurisdiction.
instruments. This was the point upon which
the decision turned in the Court of Appeals.

Section 7413, Revised Statutes 1909, among other
things, provides: "When the suit is founded upon any
instrument of writing purporting to have been executed
by the defendant, and the debt or damages claimed may
be ascertained by such instrument, the same shall be
filed with the justice, and no other statement or plead-
ing shall be required."

Section 7414, Revised Statutes 1909, provides:
"If such instrument be alleged to be lost or destroyed,
it shall be sufficient for the plaintiff to file with the
justice the affidavit of himself, or some other credible
person, stating such loss or destruction, and setting
forth the substance of such instrument."

If the life insurance policy upon which this suit
is founded is such an instrument as is embraced within
the meaning of the foregoing statutes, then under the
former rulings of this court, the plaintiff having failed
to file the required affidavit with the justice, jurisdiction
of the subject-matter was not acquired. [Hudson v.
Wright, 204 Mo. 412, l. c. 431.]

But is the insurance policy such an instrument?
With all due deference to the learned Court of Appeals
we feel constrained to rule that it is not such an in-
strument. Under the statute the instrument of writing
must purport to have been executed by the defendant
and must be a writing by which the *debt* or damages
claimed *may be ascertained*.

In the case of Hudson v. Wright, supra, the in-
strument involved was a negotiable promissory note
and the statute was quite properly held to apply, be-
cause the *debt* could be easily *ascertained* from the face
of the instrument itself. But can as much be said for
an insurance policy? Can a debt upon an insurance
policy be *ascertained* by a mere inspection of the face
of the policy? We think not. It would at least be

impossible to ascertain the debt due upon this policy unless it were known that the insured's death had occurred. This fact could not be found by an inspection of the policy.

We are of the opinion that ELLISON, J., announced the correct rule, here applicable, in his separate concurring opinion in the case of Mansur v. Linney, 162 Mo. App. 260, l. c. 268, wherein he said: "This suit, manifestly, is not founded upon such an instrument of writing, mentioned in the latter section, whereby a debt or damages can be ascertained by the instrument. The written contract in this case does not ascertain any debt. It is not like a bond or note; it is merely an employment of service which may never be performed, or which may be performed in various ways. The statute contemplates such character of written instrument as need not require any pleading or explanatory statement in order to make a cause of action, for it says that 'no other statement or pleading shall be required.' What would have been said of this case if there had been filed with the justice nothing but the contract? Would that have been any indication that plaintiff had sold the land, or that, as here, while not selling it, but had done all that was necessary to give him a cause of action for his commission, or that a cause of action had by any means accrued?"

Therefore we conclude that the court acquired jurisdiction of the subject-matter of this case.

II. Appellant's right to a recovery, if at all, must arise by virtue of Sections 6946 and 6948, Revised Statutes 1909, because it appears from the evidence that but for the saving provisions of the above statutes the policy would have become forfeited by reason of the failure to pay premiums. It also stands conceded that by reason of Section 6946, supra, the term of extended insurance was sufficient to cover the date of the death.

Notice of Death.

Section 6948, supra, among other things provides: "If the death of the insured occur within the term of temporary insurance covered by the value of the policy as determined in Section 6946, and if no condition of the insurance other than the payment of premiums shall have been violated by the insured, the company shall be bound to pay the amount of the policy, the same as if there had been no default in the payment of premium, anything in the policy to the contrary notwithstanding: *Provided, however,* that notice of the claim and proof of the death shall be submitted to the company in the same manner as· provided by the terms of the policy within ninety days after the decease of the insured."

The trial court found that appellants failed to give notice of the claim and make proof of the death within ninety days as required by the above statute, and that there was no waiver by the respondent of this requirement. This being an action at law, and there being substantial evidence to support the above finding, the same is conclusive here. (In fact as we read the record it does not appear therefrom that the company had notice of this claim until this suit was instituted, which was more than four years after the death.)

The legal question presented is, Does the failure to give notice and make proof of death within the time provided by the above statute (absent waiver or other matter of avoidance), defeat a recovery?

We have reached the conclusion that this question must be answered in the affirmative. By the terms of the statute it clearly appears that the notice and making proof of death within ninety days is made a condition precedent to a right of recovery.

In the case of Liebing v. Insurance Company, 269 Mo. 509, l. c. 520, it was held that the above-mentioned proviso was enacted for the benefit of the insurer and that the insurer could waive a compliance therewith. It would necessarily follow as a corollary to the above holding that if the provision were not waived (or, we might add, avoided in some other. manner, as for ex-

ample, by estoppel), a failure to comply therewith would operate to prevent a recovery. If this were not so, then it was entirely unnecessary in that case to base the right to a recovery on the existence of such a waiver.

The Kansas City Court of Appeals in the case of Chandler v. Insurance Company, 180 Mo. App. 394, held that a recovery upon extended insurance under the provision of Section 6946, supra, could not be had (absent a waiver by the insurer), where the beneficiaries failed to give the notice or make proof of death as required under Section 6948, supra.

This exact feature of the statute has not been construed by this court, and we find no decision from other States upon similar statutes which throw any light upon the question.

We are of the opinion that the conclusion reached by the Kansas City Court of Appeals on this question in the Chandler case is correct.

The line of cases cited and relied upon by appellant, of which Dezell v. Casualty Co., 176 Mo. 253, is a fair type, are, we think, not in point here.

Appellants' present right of recovery depends upon the language of the above mentioned statutes.

In this behalf Sections 6946 and 6948, supra, must be read and construed together. When this is done it will be seen that plaintiffs' claim in the present action is not defeated, strickly speaking, by reason of forfeiture, but is defeated because plaintiffs failed to perform the statutory requirements essential to the very creation of a valid claim against the respondent.

From the foregoing it follows that the judgment of the circuit court should be affirmed.

It is so ordered.

*Walker, Faris, Blair* and *Graves, JJ.,* concur; *Bond, C. J.,* not sitting; *Woodson, J.,* absent.