THE FIRST STATE BANK OF KANSAS CITY, KANSAS, A CORPORATION, RESPONDENT, v. FRED W. GOODRICH, APPELLANT.—198 S. W. (2d) 677.

Kansas City Court of Appeals. November 18, 1946.

1034

J. K. *Owens* for appellant.

*Ira B. Burns* for respondent.

DEW, J.—Respondent, a banking corporation in Kansas, brought suit in a court of a Justice of the Peace, filing a petition based on a promissory note of appellant, with a verified copy of the note attached. After personal service and subsequent continuances, judgment was taken by respondent by default. Appellant appealed to the Circuit Court, where, on motion of respondent, the judgment was affirmed for $752, with interest at 10% from August 13, 1945. Appellant moved for a new trial, which motion was overruled. Appellant appealed from the judgment of the Circuit Court. Appellant contends that neither of the courts below had jurisdiction over the subject matter because the note sued on was not filed before final judgment.

A statement was filed by respondent in the Justice Court which alleged the execution and delivery to the respondent of a promissory note by appellant dated and delivered February 20, 1943, in the

principal sum of $615.72, bearing interest from date at 10% per annum; alleged that said rate of interest was a legal rate in Kansas; that a copy of said note, marked and referred to as Exhibit "A" and made a part of the statement, was attached thereto; alleged certain itemized credits of principal and interest thereon, leaving $612.09 balance due on said note, plus interest from June 28, 1943, at 10% per annum. The prayer was for $612.09, with interest at 10% per annum from June 28, 1943, with costs. Attached to the statement was a verified copy of a note marked Exhibit "A", which answers the description contained in the statement, and bearing endorsed credits itemized, as alleged. The original note referred to was never filed. After personal service of summons, two continuances of the case were entered by "agreement." On the last date set for trial the defendant defaulted and the judgment for $752.62 and interest as aforesaid, was entered in respondent's favor.

On appeal to the Circuit Court by the defendant, the plaintiff (respondent) filed a motion to affirm for failure of notice of appeal within the statutory period. This motion was sustained and judgment was rendered by the Circuit Court for the amount, with interest and costs, as stated.

Appellant's only point made here is that the Justice of the Peace (and consequently the Circuit Court) was without jurisdiction over the subject matter because the action was based on a written instrument (the note) and the original instrument was never filed before final judgment, citing Section 2571, Revised Statutes Missouri, 1939.

Section 2571 provides, so far as here concerned, that no formal pleadings are required in a Justice Court, but that before the issuance of process, the plaintiff shall file with the Justice "the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded." Section 2572 provides that when a suit in the Justice Court is founded on an instrument of writing purporting to have been executed by the defendant, and which debt or damages claimed may be ascertained by such instrument, the same shall be filed with the Justice, and no other statement or pleading shall be required. It further provides, among other things, that no suit shall be dismissed or discontinued for want of any such statement of cause of action, or for any defect or insufficiency thereof if the plaintiff shall file the instrument or account, or a sufficient statement, before the jury is sworn, or the trial commenced, or when required by the Justice.

It is true that Section 2571 was construed by the courts in early decisions to require the filing of a written instrument on which an action was founded in the Justice Court, in order to vest the court with jurisdiction over the subject matter. [Phenix Insurance Co. of Brooklyn, New York v. Foster, et al, 56 Mo. App. 197; Olin v.

Zeigler, 46 Mo. App. 193.] However, the decisions in those cases do not disclose what, if any, statements were filed therein, sufficient or insufficient, to apprise the defendants of the nature of the claims sued on, sufficient or insufficient to bar other actions thereon. Cases cited by appellant having to do with lost instruments do not apply.

This court has definitely held that the filing of the instrument sued on in a Justice Court as required by Section 2571, is not jurisdictional, provided that a statement be filed, sufficiently stating the facts constituting the cause of action. Such a statement may be amended by the filing of the instrument, but its omission is not jurisdictional, and may be waived by the defendant by failure to move for order to file, or to dismiss the action. The requirement of the statute is directory and not mandatory. [Norton v. Allen, 222 Mo. App. 149, 4 S. W. (2d) 841.] This construction has been universally adopted by the Courts of Appeals of this state. [Midwest Insurance Corporation v. Schroeder, 185 S. W. (2d) 660; Barton Lumber Co. v. Gibson, 178 Mo. App. 699, 161 S. W. 357; Commercial Building Co. v. Lehman, 6 S. W. (2d) 1001; Conn Co. v. Orr, et al, 150 Mo. App. 705, 131 S. W. 765.

The petition or statement filed in the Justice Court in this case fully apprised the defendant in detail of the facts constituting the cause of action; was amply sufficient to prevent another action to be brought thereon; and when filed, vested the Justice with jurisdiction of the subject matter. Defendant made no objection in the Justice Court or in the Circuit Court before judgment that the original note had not been filed, or moved for dismissal therefor, or for an order requiring the filing of the note, and made the point for the first time in his motion for new trial in the Circuit Court. Under such circumstances and under the prevailing authorities, the objection must be ruled against the appellant. Judgment affirmed. All concur.