Lloyd W. JOHNSON, Administrator of the Estate of A. Marie Johnson, Deceased (Plaintiff), Appellant,

v.

Ernest H. KRAMER and Cora B. Kramer (Defendants), Respondents.

No. 28906.

St. Louis Court of Appeals.

Missouri.

March 15, 1955.

Motion for Rehearing or to Transfer to Supreme Court Denied April 15, 1955.

N. Murry Edwards, Ninian M. Edwards, St. Louis, for appellant.

Joseph Nessenfeld, Lester W. Spilker, Harvey M. Fisher, St. Louis, for respondents.

HOUSER, Commissioner.

This is an action on a promissory note, instituted in the Magistrate Court of the City of St. Louis by the filing of a petition by A. Marie Johnson against Ernest H. Kramer and Cora B. Kramer, alleging "that on or about December 20, 1932 the defendants, for value received, did sign and execute a negotiable note in which they promised and agreed to pay to the order of plaintiff, one year after said date, the sum of $660.95, plus 8% interest per annum; that plaintiff is the owner and holder of said note; that in July, 1940 the defendants paid $1 on said note and promised and agreed to pay the balance thereof but have not done so. * * * that the defendants now owe and are indebted to this plaintiff on said note for the principal of $559.95 and accrued interest at 8% per annum from the date of said note," and praying for judgment for $559.95, interest from December 20, 1932 and costs. The note itself was not filed at any time in the magistrate court. Defendants suffered an adverse judgment in the magistrate court, and duly appealed to the circuit court of said city. In the circuit court defendants filed a motion to dismiss for failure to comply with Section 517.050 RSMo 1949, V.A.M.S. in that plaintiff failed to file the instrument sued on or a verified copy thereof in the magistrate court, as a result of which neither the magistrate court nor the circuit court on appeal had jurisdiction over the subject matter.

The motion to dismiss, filed on July 2, 1953, was submitted to the court on July 7, 1953. At that time counsel for plaintiff produced a note dated December 20, 1932 signed by defendants payable to G. M. and A. Marie Johnson for $660.95 due one year after date, with interest from date of maturity, and offered a memorandum for the clerk reciting the filing of the original note and permission by leave of court to withdraw the original note and substitute a photostatic copy. Counsel for defendants objected to the memorandum and to the filing of the note. The circuit judge stated that leave of court to file the original note was not needed; that plaintiff had the right to file it, but the effect of the filing was a matter to be decided later. The court then wrote on the bottom of the memorandum: "Approval of the filing of this note and its withdrawal withheld until the Court acts upon the motion to dismiss." Counsel for plaintiff asked that the clerk stamp the note "Filed." In the presence of the court and counsel the clerk stamped on the back of the note the following: "Filed July 7, 1953, Phelim O'Toole." Thereafter and on July 16, 1953 on the court's own motion the following entry was substituted for the entry of July 7, 1953: "Plaintiff's request for leave to file note and withdraw note and substitute photostatic copy lodged, and approval of Court for plaintiff to file and withdraw such note as requested withheld until motion to dismiss is acted upon; * * *." Later the court denied the request of plaintiff to file the note and sustained defendants' motion to dismiss. A motion to set aside this order was overruled after a hearing, whereupon plaintiff appealed to this court from the order sustaining defendants' motion to dismiss and the order dismissing plaintiff's cause.

On this appeal it is urged that the court erred in sustaining the motion to dismiss.

Appellant asserts that Section 517.050 RSMo 1949, V.A.M.S. does not require the filing of the instrument sued on in the magistrate court, but permits the filing of a statement of the facts constituting the claim upon which the suit is founded.

Prior to 1945 this subject was regulated by §§ 2571 and 2572, R.S.Mo.1939. Said § 2571 came down to us from territorial times, Act December 23, 1818, 1 Territorial Laws, p. 620, § 1; and see R.S.Mo.1825, p. 473, § 5, and has been interpreted by the courts in numerous decisions. Sections 2571 and 2572 were repealed by Laws of Missouri, 1945, p. 1078, and substantially reenacted as § 19 of the comprehensive Magistrate Code, Laws 1945, p. 765, loc. cit. 774. The same § 19 was repealed by Laws of 1947, p. 240, and in lieu thereof present § 517.050 was enacted. For comparison the old and new sections are set forth in separate columns:

### § 2571, R.S.Mo.1939:

"No formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court, but before any process shall be issued in any suit, the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded, and the defendant shall, before trial is commenced, file the instrument, account or statement of his set-off or counterclaim relied upon."

### § 2572, R.S.Mo.1939:

"When the suit is founded upon any instrument of writing purporting to have been executed by the defendant, and the debt or damages claimed may be ascertained by such instrument, the same shall be filed with the justice, and no other statement or pleading shall be required. If the suit is founded on an account, a bill of items of the account shall be filed; in all other cases, a statement of the facts constituting the cause of action, and the amount or sum demanded, shall be filed with the justice; but no suit shall be dismissed or discontinued for want of any such statement of cause of action, or for any defect or insufficiency thereof, if the plaintiff shall file the instrument or account, or a sufficient statement, before the jury is sworn or the trial commenced, or when required by the justice."

### § 517.050, R.S.Mo. 1949, V.A.M.S.

"1. Magistrate courts shall be courts of record. No formal pleadings upon the part of either plaintiff or defendant shall be required in magistrate courts, but before any process shall issue in any such suit, the plaintiff shall file with the clerk of the magistrate court the instrument sued on, or a verified copy thereof, or a statement of the account, or of facts constituting the claim upon which the suit is founded, and the defendant shall, before trial is commenced, file the instrument, or a verified copy thereof, account or statement of his set-off or counterclaim relied upon, and when such suit is founded upon any instrument of writing purporting to have been executed by the defendant, and the debt or damages claimed may be ascertained by such instrument, the same, or a verified copy thereof, shall be filed with the clerk of the magistrate court, and no other statement or pleading shall be required.

"2. If the suit is founded on an account, a bill of items of the account shall be filed; in all other cases, a statement of facts constituting the claim, and the amount or sum demanded, shall be filed with the clerk of the magistrate court; but none of such suits, where the amount involved is one hundred dollars or less, shall be dismissed or discontinued for want of any such statement or cause of action, or for any defect or insufficiency thereof, if the plaintiff shall file the instrument or account, or a sufficient statement, before the trial is commenced, or when required by the magistrate."

With the exception of the cases of Phenix Ins. Co. of Brooklyn v. Foster, 56 Mo.App. 197, and Olin v. Zeigler, 46 Mo.App. 193, the uniform interpretation placed upon the former statutes which appear in the left-hand column above, beginning with the case of Sublett v. Noland, 5 Mo. 516, was that they were directory and not mandatory, and that in order to invoke the jurisdiction of the justice court it was not necessary that the instrument sued on or a statement of the account be filed. It was considered sufficient to file a petition or statement of facts constituting the cause of action, provided the petition or statement was not so defective as to amount to a nullity. Keyes & Watkins Livery Co. v. Freber, 102 Mo.App. 315, 76 S.W. 698; C. G. Conn Co. v. Orr, 150 Mo.App. 705, 131 S.W. 765; Mansur v. Linney, 162 Mo.App. 260, 144 S.W. 872; Sanders v. Selleck, 165 Mo.App. 392, 147 S.W. 134; Young Men's Christian Ass'n of Carthage v. Morrow, 165 Mo.App. 511, 148 S.W. 952; Barton Lumber Co. v. Gibson, 178 Mo.App. 699, 161 S.W. 357; Norton v. Allen, 222 Mo.App. 149, 4 S.W.2d 841; Carter v. Flynn, 232 Mo.App. 771, 112 S.W.2d 364; Midwest Ins. Corp. v. Schroeder, Mo.App., 185 S.W.2d 660; First State Bank of Kansas City, Kan. v. Goodrich, 239 Mo.App. 1033, 198 S.W.2d 677.

The principal variance between the old and new sections is to be found in the provision of § 517.050 that a verified copy of the instrument sued on, instead of the original, may be filed, and the limitation of the last clause of § 2572 to cases involving $100 or less. We do not consider that either of these changes is of sufficient significance to require a different interpretation, and consequently we rule that the filing of plaintiff's petition containing a sufficient statement of facts constituting a cause of action on a promissory note invested the magistrate court with jurisdiction, notwithstanding the note itself was not filed with the clerk of the magistrate court.

Before reaching this conclusion we have carefully considered the points made by respondents. It is urged that the cases cited by appellant are not in point because they involve written instruments other than promissory notes, such as leases, building subscriptions, insurance policies and ordinary contracts. The argument is that in such cases extrinsic evidence is required in order to ascertain the debt or damages due so that the filing of a statement of the facts is sufficient to give the court jurisdiction and the filing of the instrument is not required, whereas the statute specifically requires the filing of the instrument where the debt claimed may be ascertained from the instrument, as in the case of a promissory note. The point, however, has arisen in at least two cases involving promissory notes and in each of them the same construction was given the statute as in cases involving written instruments other than promissory notes. In First State Bank of Kansas City, Kan. v. Goodrich, supra, cited by appellant, suit was instituted by the filing of a petition alleging the execution and delivery of a promissory note, the crediting of payments thereon and praying for the balance due. The only point made by appellant was that the justice of the peace was without jurisdiction because the original note was not filed, citing § 2571, R.S.Mo.1939, Mo.R.S.A. The court, rejecting this contention, said 198 S.W.2d loc. cit. 678:

"This court has definitely held that the filing of the instrument sued on in a Justice Court as required by Section 2571, is not jurisdictional, provided that a statement be filed, sufficiently stating the facts constituting the cause of action. * * * its omission is not jurisdictional, and may be waived by the defendant by failure to move for order to file, or to dismiss the action. The requirement of the statute is directory and not mandatory. Norton v. Allen, 222 Mo.App. 149, 4 S.W.2d 841. This construction has been universally adopted by the Courts of Appeals of this state. (Citing numerous cases.)"

And see Sanders v. Selleck, supra, in which suit was commenced in the justice of the

peace court by way of filing a statement based on three promissory notes, and in which the court said, 165 Mo.App. loc. cit. 396, 147 S.W. loc. cit. 135:

"It has been held under this section [referring to § 7412, R.S.Mo.1909, which later became § 2571, R.S.Mo. 1939] that it is not necessary to file both a statement and the instrument sued on; filing either is sufficient. * * * 'It has never been held,' says our court in this case [referring to Keyes & Watkins Livery Co. v. Freber, supra, 102 Mo.App. 315, 76 S.W. 698] 'that the filing of it is essential to confer jurisdiction on the justice, * * *.'" (Brackets ours).

Respondents place great reliance on Graves v. Metropolitan Life Ins. Co., 279 Mo. 240, 213 S.W. 846. That case, however, merely holds that an action on a life insurance policy which was lost may be maintained in a justice of the peace court upon the filing of a statement of the cause of action, and that the filing of the policy itself or an affidavit of loss is not necessary to invest the justice court with jurisdiction. Specifically, the court found that a life insurance policy was not an instrument in writing from which the debt or damages claimed could be ascertained within the meaning of § 7414, R.S.Mo.1909 (now Section 517.060, para. 1, RSMo 1949, V.A.M.S., which prescribes the procedure when the instrument upon which the suit is founded has been lost). An action on a lost instrument is a special proceeding taking the place of an action in chancery, see Hudson v. Wright, 204 Mo. 412, 103 S.W. 8, and the statutes with reference thereto are strictly construed. Such a strict construction of §§ 2571 and 2572 has not been applied in actions on promissory notes which are not lost.

Next, respondents argue that the change in the last clause of § 2572 indicates a legislative intent to provide that if the amount involved exceeds $100 the failure to file the instrument sued on is fatal and cannot be cured, but if the amount involved is $100 or less plaintiff may cure the deficiency by filing the instrument sued on before the commencement of the trial. We do not so construe the new language. It appears to us that under § 2572 the justice of the peace was prohibited from dismissing any case on account of the want, defect in or insufficiency of any statement of a cause of action if before the commencement of the trial the plaintiff filed the instrument, account or a sufficient statement, whereas under § 517.050 the magistrate, now the judge of a court of record, is permitted to exercise a limited discretion in the matter, in that in cases involving more than $100 he is permitted to enter orders of dismissal for the reasons indicated, but not where the amount involved is $100 or less. Neither in terms nor by necessary implication, however, does this portion of para. 2 of § 517.050 make the filing of the instrument sued upon a mandatory or jurisdictional requirement.

The magistrate court having acquired jurisdiction by the filing of the petition we need not consider appellant's further contentions that jurisdiction attached by virtue of defendants' entry of a general appearance in the magistrate and circuit courts, and the filing of the note in the circuit court.

It follows that the circuit court erred in sustaining defendants' motion to dismiss and in dismissing plaintiff's cause of action, and the Commissioner recommends that the judgment of the circuit court be reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, reversed and the cause remanded.

RUDDY, Acting P. J., and WEINSTEIN, Special Judge, concur.