**HAUTLY CHEESE COMPANY, Respondent,**

v.

**WINE BROKERS, INC., Appellant.**

**No. WD36216.**

Missouri Court of Appeals, Western District.

March 25, 1986.

John A. Maichel, Kansas City, for appellant.

Law Offices of James W. Farley, Platte City by Becky Ingrum Dolph, for respondent.

Before BERREY, P.J., and DIXON and KENNEDY, JJ.

DIXON, Judge.

On June 11, 1985, an opinion was entered in this case reversing and remanding with directions for entering judgment and assessing damages for frivolous appeal on the motion of the plaintiff-respondent. The Supreme Court, on September 12, 1985, transferred the case to the Supreme Court. A motion for damages for frivolous appeal was filed in the Supreme Court. The cause was argued and submitted in the Supreme Court on January 21, 1986. The Supreme Court, by a mandate, returned the cause to this court without opinion on January 22, 1986. The case has been reassigned to the same panel which heard it originally. The opinion of this court upon remand follows:

Wine Brokers, Inc., defendant, appeals from the judgment for Hautly Cheese Company, plaintiff, in plaintiff's action on open account. The trial court entered a judgment for plaintiff in the amount of $1,682.26 plus interest thereon in the sum of $249. Defendant raises several meritless points to which plaintiff has diligently responded. Plaintiff also requests that this court award it damages for the frivolous appeal of defendant.

Reversed and remanded for entry of new judgment.

Defendant, for which Dennis Lister is agent and employee, operates a retail wine and cheese store known as The Monastery. In 1972, plaintiff began to sell cheese to The Monastery, then owned by other parties. The cheese was paid for either on delivery or on open account. In 1981 or 1982, defendant purchased The Monastery. At first, payment for the cheese was made on delivery, but later payment was made on account. When The Monastery needed cheese, it contacted plaintiff, which delivered the cheese and an accompanying invoice indicating how much cheese was being delivered and its cost. An employee of The Monastery signed the invoices and indicated payment was to be made on account. The invoice information was then incorporated into plaintiff's ledgers to indicate the status of the account. As of August 12, 1983, the outstanding balance on defendant's account was $1,682.26, which, despite repeated requests, was never paid. Suit was filed in associate circuit court and judgment was rendered for plaintiff.

Defendant first asserts the court erred in failing to grant its motion to dismiss for failure to state a claim, because the statement of account was not attached to the petition. Defendant contends § 517.050, RSMo 1978,[1] requires the account be attached to the petition. Neither the statute, the case law interpreting it, nor the facts of this case lend credence to defendant's contention. In associate circuit court, formal pleadings are not required. § 517.050; *Kerschner v. Hilt Truck Line*, 637 S.W.2d 769, 771 (Mo.App.1982). "If plaintiff's pleading in an associate circuit court is sufficient to advise the defendant of the nature of the action and suffices to bar another action thereon by plaintiff, it is sufficient." *Id.*

It is well-established that "[t]he failure to file the actual instrument sued upon is not a defect if a sufficient statement of account or of facts constituting the claim is filed." *G.H. Kursar, D.O., Inc. v. Fleischer*, 602 S.W.2d 870, 873 (Mo.App.1980); *Johnson v. Kramer*, 276 S.W.2d 628, 631–32 (Mo.App.1955). Here, although the ledger sheet setting forth defendant's account was not initially filed with the court, the petition itself sufficiently set forth the facts constituting plaintiff's claim. The petition alleged the parties' business relationship, the delivery of goods to defendant, the reasonable nature of the price charged for the goods, the accrual by defendant of a precisely-stated balance on account with plaintiff, the requests for payment, and the non-payment of that balance. The ledger

---

1. All statutory references are to RSMo 1978 unless otherwise indicated.

sheet was in fact filed on February 18, 1984, more than four months before trial. In considering the predecessors to § 517.-050 and to §§ 2185 and 2186, RSMo 1929, and in rejecting a requirement that the statement on account be filed prior to the issuance of the summons, it has been stated that:

> where a statement of a cause of action before a justice is filed prior to the time that the trial is begun and before any jury is sworn, such is sufficient to confer jurisdiction of the cause of action and the subject matter thereof upon the justice notwithstanding the fact that the summons was issued therein before any such treatment was filed.

*Carter v. Flynn,* 232 Mo. 771, 112 S.W.2d 364 (1938).

Defendant's argument that the court erred in not granting his motion to dismiss because dismissal is mandatory in suits for more than $100 where the account is not attached was explicitly rejected in *Johnson,* 276 S.W.2d at 632, where the court held, "Neither in terms nor by necessary implication, however, does this portion of para. 2 of § 517.050 make the filing of the instrument sued upon a mandatory or jurisdictional requirement." Rather, the court did not abuse its discretion in not dismissing plaintiff's claim, as defendant was sufficiently apprised of the nature of the claim and it could serve as a bar to another action on the same claim. *Baird v. Ellsworth Realty Co.,* 265 S.W.2d 770, 771 (Mo.App.1954).

■ Defendant next asserts the court erred in allegedly making defendant assume the burden of proof on the issue of delivery. The argument is premised upon a remark by the court to the defendant's counsel. The court said to defense counsel at the close of plaintiff's case, "Of course, you can dispute the fact that deliveries were made.... But by affirmative evidence, and not by just objecting to the plaintiff's business records...."

Plaintiff made a prima facie case by proving each element of the account, i.e., that defendant requested the goods and that plaintiff furnished them, and the "date, correctness of each item contained in the account, the charge made and the reasonableness thereof." *J.D. Streett & Co. v. Bone,* 334 S.W.2d 5, 8 (Mo.1960), See, M.A.I. 26.03. The remark of the court was not a shifting of the burden of proof—it was simply a statement by the court that when a prima facie case is made, the burden of evidence shifts.

■ It is axiomatic that the burden of *proof* always remains on the party who has the affirmative of the issue, the plaintiff here. *Frank v. Wabash Railroad Co.,* 295 S.W.2d 16, 22 (Mo.1956); *Daniels v. Smith,* 471 S.W.2d 508, 511 (Mo.App.1971). The burden of *evidence* is met when plaintiff introduces sufficient evidence to establish a prima facie case. *Markman v. Bi-State Transit,* 457 S.W.2d 769, 771 (Mo.1970). Once plaintiff meets its burden of proof, "the 'burden of evidence,' or the necessity of meeting prima facie proof offered by an opponent, may shift from time to time during the progress of the trial." *Rupp v. Guardian Life Insurance Co.,* 170 S.W.2d 123, 128 (Mo.App.1943); *Daniels,* 471 S.W.2d at 511.

■ Defendant also asserts the court erred in finding, based on plaintiff's invoices, that defendant had received the cheese which had been charged, because there was no competent evidence proving delivery. In this meritless point, defendant ignores the testimony of Kenneth Chettle, plaintiff's general manager and custodian of the records, through whose testimony the court admitted plaintiff's exhibits 2, 4, 5, 6, 7, 9 and 10 (the invoices referring to cheese delivered to defendant) as business records under the Uniform Business Records as Evidence Act, § 490.680. Chettle, the records' custodian, testified to the invoices' identity, and asserted they were prepared in the ordinary course of business, at or near the times of delivery. The Act's requirements were thus satisfied and the invoices here properly admitted. Contrary to defendant's assertion, plaintiff's evidence established that, while the signatures of

defendant's employees on the invoices merely showed the uncontested non-payment at the time of delivery, the invoices themselves, unrefuted by any evidence from defendant, established delivery. *See, MFA v. Coleman,* 676 S.W.2d 855, 856–57 (Mo.App.1984).

Defendant next asserts the court erred in finding defendant was obligated to plaintiff because no evidence was adduced to show defendant owned The Monastery when the debts were incurred. Again, defendant has ignored the plain import of the record. Chettle, who had dealt with The Monastery since 1972, testified that, in 1981 or 1982, defendant, whose admitted agent and employee Dennis Lister had been The Monastery's manager under the previous owner, purchased The Monastery and subsequently, The Monastery began to purchase cheese from plaintiff on open account. This, coupled with defendant's admission in the pleadings that "Defendant operates a business known as The Monastery, located at 6227 Brookside Plaza, Kansas City, Missouri 64113" and defendant's attorney's statement at trial that defendant had admitted its ownership of The Monastery, firmly establishes that defendant owned The Monastery at the time the debts were incurred.

Both parties agree that, in calculating the amount of interest due, at 9%, § 517.050, on the principal amount of the judgment, $1,682.26, the court made a mathematical error. The defendant made no effort to have the trial court amend the judgment to correct this error. The interest payment should have been $97.06, but the court incorrectly computed it as $249. This court may correct such errors. *See,* Rule 84.14. *Allison v. Mountjoy,* 383 S.W.2d 314, 321 (Mo.App.1964); *Bourke v. Foster,* 343 S.W.2d 208, 210–11 (Mo.App. 1960).

Originally this court had concluded that the plaintiff's motion for frivolous appeal should be sustained and $168 in damages for frivolous appeal were awarded. The mandate of the Supreme Court, omitting formal parts, follows:

Motion for award of damages for frivolous appeal filed herein is overruled; and, we find it is impermissible to award damages for frivolous appeal based upon the remaining issues in the cause, it now being necessary that the cause be remanded to the trial court for correction of amount of interest awarded.

Cause is retransferred to the Court of Appeals, Western District, for modification of opinion consistent herewith.

As the foregoing mandate is understood by this court, it is a direction for us to deny the motion for damages for frivolous appeal filed by the respondents in this cause and originally sustained by our June 11, 1985 opinion. Acting under compulsion of the Supreme Court mandate, we overrule the motion for frivolous appeal without discussion and remand the case to the trial court for entry of a judgment in the amount of $1,682.26 along with interest in the amount of $97.06, for a total judgment of $1,779.32 and costs.

All concur.